THE SAVANNAH, SKIDAWAY AND SEABOARD RAILROAD COM-
PANY, plaintiff in error, vs. A. BONAUD, defendant in error.

1. A railroad company, which fails to run a train according to
   its published schedule, unless prevented by some valid reason, is
   liable to a person sustaining injury from such failure, for the dama-
   ges actually sustained by him as the direct and necessary result
   thereof.
2. There is no sufficient evidence of damage to sustain the verdict.

Railroads. Damages. Before Judge TOMPKINS. Chat-
ham Superior Court. May Term, 1876.

Reported in the decision.

GEO. A. MERCER, for plaintiff in error.

R. R. RICHARDS, for defendant.

WARNER, Chief Justice.

The plaintiff sued the defendant to recover damages
which he alleged he had sustained by reason of the defen-
dant's failure to run its train on its railroad from the Isle of
Hope to the city of Savannah, on the 23d of April, 1874,
in accordance with its previously published schedule. On
the trial of the case, the jury found a verdict in favor of
the plaintiff for the sum of $63.75. The defendant made
a motion for a new trial, on the ground that the verdict was
contrary to the evidence, and contrary to law, which was
overruled by the court, and the defendant excepted.

It appears from the evidence in the record, that the plaintiff
was a dancing master by profession, that he resided at the Isle
of Hope, eight miles from Savannah; that he had a class of
forty-five scholars to whom he gave lessons in the city, at
seventy-five cents a lesson, that he had purchased a five
dollar ticket from defendant, which entitled him to go upon
any of the defendant's trains from the Isle of Hope to the
city of Savannah, was in the habit of going to the city to
give his dancing lessons, on the train which, according to

the defendant's regular published schedule, left the Isle of Hope for the city at 12:53 p.m.; went to the depot to take that train on the 23d of April, 1874, but no train started, and he was unable to get to the city; no notice of any change of this schedule was published; had no notice of any change of schedule; saw a newspaper containing notice of a special schedule for the celebration at Bethesda on that day, but supposed the regular schedule would be continued in force as usual on that day, and had no notice that it would not. The lesson which he failed to give on the 23d of April to his forty-five scholars, at seventy-five cents, amounted to $33.75; did give the lesson he lost on the 23d of April next week; made no deduction from his bills for the loss of said lesson on the 23d, but collected the same amount from his pupils as he would have done if he had not lost that lesson. The plaintiff also stated that it was his custom to give a ball to his pupils at the end of the expiring quarter, (which generally netted him a profit,) and that he had made all his preparations for it, engaged music, lights, hall, etc., for which he was compelled to pay, his expenses for this being about $40.00; that on said 23d of April, he was to give his pupils the tickets for that ball to sell for him, as was his custom, and that owing to his inability to come to town by reason of the non-running of the train, he sold none of the tickets, and the ball realized nothing, but on the contrary, his said expense, amounting to $40.00, was a total loss to him. Such is substantially the plaintiff's case.

1. The defendant was liable to the plaintiff, under the law, for such damages as were actually sustained by him as the direct and necessary result of the failure of the defendant to run its train on its road according to its previously published schedule, unless prevented by some valid reason, which the defendant did not show at the trial. Denton vs. The Great Northern Railway Company, 34th English Law and Equity Rep. 154.

2. In our judgment, the evidence in the record does not authorize the verdict found by the jury. If the plaintiff

lost anything by his failure to give the lesson to his pupils on the 23d of April, he has not shown the amount thereof, inasmuch as he did not prove how much more it cost him to give the lesson afterwards, than it would have cost him to have given it on that day. As to the expenses of the ball, they were already incurred, and the plaintiff did not prove with reasonable certainty, that he could have sold tickets to reimburse himself if he had reached the city on the 23d. He had made no contracts for the sale of tickets, and has not shown who, or how many persons, were ready and willing to contract with him for tickets to his contemplated ball.

Therefore, let the judgment of the court below be reversed.