## 1255. PAYTON *v.* GULF LINE RAILWAY COMPANY.

1. A railway company which has sold a passenger a ticket for transportation on a certain train commits a breach of public duty toward him, as well as a violation of its contract, by causing the train to leave from the station yards without coming to the depot where it is accustomed to receive passengers into the train, and without giving the passenger a reasonable opportunity to get aboard.

2. A petition in which it is uncertain, from the allegations made, whether it is brought ex contractu or ex delicto will, in the absence of a timely special demurrer pointing out the defect, be given, as to this matter, that construction most favorable to the upholding of the plaintiff's full case as laid.

Action for damages, from city court of Ashburn. June 16, 1908. Submitted July 15,—Decided September 28, 1908.

Payton sued the railway company, in substance alleging, that at Ashburn, Georgia, on a day named, he went to the depot of the defendant company, from which its passenger trains customarily left, and bought a ticket to Sylvester, Georgia; that this was about twenty minutes before the time the train was scheduled to leave; that he waited about an hour and discovered that the train had gone out on its trip, leaving from the yards instead of from the depot; that the quickest, nearest, and best way for him to get to Sylvester was to hire a horse and buggy, and drive through from Ashburn to Sylvester, a distance of about twenty miles; he had to pay $5 for this transportation and lost a half day's time, of the value of $20; the conductor of the train had been informed by the plaintiff that he expected to go on that train, and he caused the train to leave him purposely. The plaintiff asked for $200 damages, actual and punitive.

The defendant demurred generally to the petition, on the ground that it set out no cause of action, and that the damages claimed were too remote and contingent. The court sustained the demurrer and dismissed the action.

*J. A. Comer, Claude Payton,* for plaintiff.

*Perry & Williamson,* for defendant.

POWELL, J. (After stating the facts.)

1. The petition sets forth a good cause of action as to the actual damages sustained, whether it sounds in contract or in tort. A railroad company which has made a contract of transportation with a proposed passenger, and then, without notice, causes its

train to leave without coming by the place at which it is accus-- tomed to receive passengers, and without giving the proposed pas- senger a chance to get aboard, not only breaks its contract with him, but also violates a public duty toward him. *Savannah R. Co.* v. *Bonaud,* 58 *Ga.* 180; *Durden* v. *So. Ry. Co.,* 2 *Ga. App.* 66, (58 S. E. 299); *Perry* v. *Central Railroad,* 66 *Ga.* 746 (1). The measure of damages in such cases is fully set forth in *Central. Railroad* v. *Combs,* 70 *Ga.* 533 (48 Am. R. 582).

2. If the suit were construed to be an action ex contractu,. punitive damages would not be recoverable, and all claim as to them should be stricken from the petition (*Ford* v. *Fargason,* 120 *Ga.* 708, 48 S. E. 180); but the fact that a petition prays for too, much does not render it subject to general demurrer. *Pierce* v.. *Middle Ga. Land Co.,* 131 *Ga.* 99 (61 S. E. 1114); *Kupferman* v... *McGehee,* 63 *Ga.* 250. However, the allegations leaving it uncer- tain as to whether the suit is brought on the breach of the con-- tract or for the special damages arising from the public wrong,. and this formal defect not having been complained of by special demurrer, the petition will be given that construction most favor- able to the assertion of a cause of action in plaintiff's favor, and will be held in the present case to be an action ex delicto. *Lytle* v. *So. Ry. Co.,* 3 *Ga. App.* 221 (59 S. E. 595), and cit.; *Jenkins* v. *Seaboard Ry.,* 3 *Ga. App.* 381 (59 S. E. 1120); *Central R. Co.* v. *Pickett,* 87 *Ga.* 734 (13 S. E. 750). The court erred in sustain- ing the demurrer.          *Judgment reversed.*