3224.   FINE & BROTHER *v.* SOUTHERN EXPRESS CO.

1. The action was for breach of contract, and the justice's court had jurisdiction. If there is doubt as to the form of a suit, the construction favorable to the jurisdiction should be adopted, but, under the allegations of the petition here, there is no doubt that the suit was on the contract of carriage, for breach thereof, and consequent damage.
2. A justice of the peace should not direct a verdict.
3. Where a common carrier has breached his contract by failure to deliver the goods intrusted to him, and admits that they were lost while in his possession, he is not entitled to be paid the freight, or to have the amount of the freight deducted from the verdict for the value of the lost goods.
4. The shipper neither, by omission or commission, perpetrated nor attempted to perpetrate a fraud upon the carrier, and the undisputed evidence proved that he was entitled to recover the value of his goods, because of the breach of the contract by the carrier.

DECIDED DECEMBER 19, 1911.

Certiorari; from Fulton superior court—Judge Ellis.   January 12, 1911.

*C. B. Rosser Jr.*, for plaintiffs.

*Robert C. & Philip H. Alston, McDaniel & Black*, for defendant.

Hill, C. J.    William Fine & Brother (engaged in the novelty jewelry business in Atlanta, Ga., and Chattanooga, Tenn., under the name of the Radius Jewelry Company) delivered a package containing 145 articles of their novelty jewelry to the Southern Express Company in Atlanta for transportation and delivery to the Radius Jewelry Company in Chattanooga, under a contract made with the express company. The package was lost by the express company, and the shippers brought suit against it in a justice's court to recover the value of the contents of the package. The justice rendered a judgment for the defendant, and, on appeal to a jury in the justice's court, a verdict was returned for the plain-. tiffs for the proved value of the contents of the package—$46.20, with interest. The case was taken by certiorari to the superior court, which, on the hearing, sustained the certiorari, and set aside the, verdict and the judgment rendered thereon, and entered up a final judgment in favor of the express company; and to this the plaintiffs excepted.

On the trial in the justice's court the plaintiffs proved the contract of shipment made with the express company, and the delivery to it of the package containing the 145 articles specified, to be transported to Chattanooga and there delivered to the Radius Jewelry Company, and the value of the contents of the package, and proved that the package was lost while in the possession of the express company. Indeed, there was no substantial controversy on the evidence, and it would seem that the verdict in behalf of the plaintiffs was demanded. Counsel for the express company submits to this court four legal reasons, covered by the petition for certiorari, in support of the contention that the verdict against the express company was contrary to law: (1) That the justice's court had no jurisdiction of the subject-matter of the suit, the same sounding in trover, and not in contract; (2) that, the proposition involved being solely one of law, the magistrate, on the hearing of the appeal in the justice's court, should have directed a verdict in favor of the defendant; (3) that, the freight charge of 25 cents never having been paid, the verdict for the full amount of the goods, to wit, $46.20, was without evidence to support it; (4) that, this being a shipment of jewelry, and the nature of the shipment not being disclosed to the express company, and it being offered through the ordinary freight channels instead of the money

department, the shippers committed a constructive fraud upon the Southern Express Company, which would prevent them from recovering.

We do not know upon which one of these grounds the learned judge of the superior court sustained the certiorari and entered up final judgment in favor of the express company. It is stated in the argument, and in the brief of counsel submitted to this court, that he did so on the ground that the suit was ex delicto, and the justice's court was without jurisdiction. The judgment of the superior court, however, is general, and, if for any reason it is right, it should be affirmed without reference to the ground upon which it was based. We can not agree with the judge of the superior court in his conclusion, upon any ground that we have been able to find in the record. On the contrary, we are clear that under the undisputed evidence and the well-established principles of law applicable thereto, the Southern Express Company was liable to the plaintiffs for the value of the contents of the package, and that the verdict in their favor was right. Indeed, the reasons in support of the judgment of the superior court are, in our opinion, so manifestly without merit as hardly to justify any extended consideration. But, since they are made and earnestly insisted upon, we will briefly consider them.

1. It is well settled that in a justice's court technical pleading is not required. In the present case, however, the plaintiffs, by formal petition, set forth their cause of action. An examination of this petition shows that in form and substance it is a suit on a contract, alleging a breach of that contract, and suing for the value of the goods which were to be delivered by the defendant under the contract, and which were lost to the plaintiffs by reason of the defendant's breach of contract, and that the plaintiffs expressly waive any tort. The only ground upon which the defendant supports its view that the case was one ex delicto is the allegation in the petition that the defendant "failed, neglected, and refused to deliver said package to the consignee as aforesaid, and has likewise failed and refused to pay the value thereof to plaintiffs, although often requested so to do." It is insisted that this is a direct charge of a conversion of the property intrusted to the Southern Express Company, and therefore that the suit was in the nature of trover. We do not agree with this construction of

this part of the petition. The language used is, in our opinion, clearly susceptible of the construction that it charges a breach of contract. If there was any doubt as to the construction of the petition, it was the duty of the justice's court to adopt the construction which would hold the action and not defeat it. This rule applies especially to suits in a justice's court, and especially where the question of jurisdiction is not raised by demurrer. *Payton* v. *Gulf Line Ry. Co.,* 4 *Ga. App.* 762 (62 S. E. 469) ; *Central Railroad Co.* v. *Pickett,* 87 *Ga.* 734 (13 S. E. 750). But we think this suit is so clearly one arising ex contractu that there is no reason why this rule of construction should be invoked. The plaintiffs in their petition set forth the contract, charge a breach thereof, allege the value of the goods and the refusal to pay, distinctly declare their purpose to waive any tort and to sue on the contract, and, under the express provision of the constitution of this State (article 6, § 7, par. 2), the justice's court had jurisdiction of the amount claimed; it not exceeding $100. *Southern Express Co.* v. *Hilton,* 94 *Ga.* 450 (20 S. E. 126) ; *Bates* v. *Bigby,* 123 *Ga.* 729 (51 S. E. 717) ; *Southern Express Co.* v. *Briggs,* 1 *Ga. App.* 300 (57 S. E. 1066) ; *Jenkins* v. *Seaboard Air-Line Ry.,* 3 *Ga. App.* 381 (59 S. E. 1120) ; *Southern Ry. Co.* v. *Maddox,* 7 *Ga. App.* 650 (67 S. E. 838).

2. The second reason asserted in support of the soundness of the judgment of the superior court is, that, the proposition involved being solely one of law, the magistrate should have directed a verdict when the case was appealed to a jury in the justice's court. We do not know of any law which would authorize a magistrate to direct a verdict in a justice's court. But, if there were such a rule of law, we are certain that if the magistrate had directed a verdict for the defendant in this case, under the admitted facts, it would have been a gross abuse of his discretion, as, in our opinion, the undisputed facts demanded a verdict for the plaintiffs.

3. The contention that the verdict for $46.20 was too large and was without any evidence to support it, because the defendant was entitled to at least a deduction from this amount of 25 cents due to it as freight charges, is without any merit. If it were meritorious, the amount of 25 cents could be directed to be written off from the amount of the judgment. But we are somewhat at a loss to understand why the express company should have been entitled to its

freight charges when the evidence showed that it had failed to perform its contract of transportation. The package was lost, and not delivered in a partially damaged condition. It was totally lost, presumptively by the negligence of the company, and the presumption was not conclusively met. It would be a remarkable proposition of law that, under these facts, the plaintiffs would not be entitled to recover the proved value of their property which had been lost by such negligence, because they had failed to pay the freight charges. *Wilensky* v. *Central Ry. Co.,* 136 *Ga.* 889 (72 S. E. 418), and cases cited. Besides, this question of freight charges was not raised in the justice's court on the trial, and could not properly have been raised in the superior court or this court. Civil Code (1910), § 5199; *Perry* v. *Brunswick & Western R. Co.,* 119 *Ga.* 819 (47 S. E. 172); *Callaway* v. *Atlanta,* 6 *Ga. App.* 354 (64 S. E. 1105).

4. It is insisted in the fourth ground that the plaintiffs could not recover, because, in shipping the package in the ordinary freight department and not in the money department, and in not disclosing its contents to the express company, they were guilty of constructive fraud upon the express company. Under the facts of this case, we do not think that the plaintiffs perpetrated upon the express company any fraud, actual or constructive. What are the facts? The plaintiffs, who were merchants in Atlanta, were in the habit of frequently shipping articles of merchandise through the express company, and for this purpose used the printed blank receipt generally in use by the customers of the express company. The package in this case was sent to the express company by a colored porter. It was an ordinary pasteboard shoe box, wrapped in heavy brown paper, securely fastened with a string, and marked: "Radius Jewelry Company, 722 Market Street, Chattanooga, Tennessee." The receipt to be signed by the company was, according to the general custom among the merchants of the city, prepared by the plaintiffs. The agent of the defendant signed this receipt and delivered it to the plaintiffs' agent, with the freight charge, 25 cents, entered thereon, and with the following additional entry stamped thereon with a rubber stamp: "Value asked, but not given. Accepted at owner's risk of breakage. Accepted as merchandise only. No money, jewelry, or valuables." The package contained 145 articles of merchandise or novelty goods, the same

class of goods that are sold by dry-goods stores, retail hardware stores, ten-cent stores, drug stores, cigar and soda-water stores. The receipt limited the liability of the express company, in case of loss or damage to $50. The value of the goods shipped in this case was claimed to be $46.20, and proved to be of that value. The defendant knew the character of novelties or merchandise that the plaintiffs were dealing in. It accepted this package as merchandise, and made the minimum charge of.25 cents for it as merchandise, and the limit of its liability for merchandise, where the value is not stated, is $50. Whether the package contained jewelry in the technical sense, or whether it contained merchandise, the express company could in no event have been liable for more than $50. This fact was known to the shippers. Nothing was said or done by the plaintiffs to deceive the express company as to the contents of the package, and no effort is made by the shippers to recover more for the property than if the property had been in fact merchandise. It seems to us, therefore, that the question of whether the contents of the package were in fact jewelry or merchandise was immaterial. The plaintiffs are endeavoring to recover for it, not as valuable jewelry, but simply as merchandise. The facts of this case do not bring it within the principles decided in *Southern Express Co.* v. *Pope,* 5 *Ga. App.* 689 (63 S. E. 809). In that case it was represented to the express company at the time of the shipment that the package was of the value of $5, and on this amount the express charge of 25 cents was paid. The shipper afterwards claimed that the package contained a valuable pearl pendant worth $150, and sought to recover the value of this pearl from the express company. The shipper having endeavored to conceal the true value of the contents of the package, this court held that such fraud was perpetrated upon the express company as would preclude a recovery of the value of the pearl, and that this fraud absolutely voided the contract. Besides, it does not appear from the evidence in this case that the package shipped as merchandise was anything else than merchandise. There were 145 articles. The aggregate value was $46.20. The articles, according to the evidence, were combs, purses, plated rings, Ingersoll watches, barlow knives, goods such as are sold by dry-goods stores, retail hardware stores, drug stores, and the like. We think it was fairly open to

question whether these articles were jewelry in the ordinary accep-
tation of that term; and we think they were in fact merchandise.

Articles of jewelry have been generally defined by the courts to
be such articles as are made of precious metal, silver, gold, dia-
monds, sapphires, rubies, pearls, etc.  4 Words & Phrases, p. 3811.

Fraud must never be presumed.  It must be proved.  Civil Code
(1910), § 4626.  And while we do not think that under the un-
disputed facts of this case any fraud, either actual or constructive,
was perpetrated on the express company by the shippers, certainly
the most that could be claimed by the express company was that
the evidence as to fraud was in conflict; and, as the question was
squarely made and decided by the jury on the trial, the issue was
settled by the verdict.  To sum up the case, we find no error of
law, material or technical, in the case as presented to the superior
court on certiorari, and the verdict in behalf of the plaintiffs, under
the undisputed evidence, was demanded.

For these reasons, the judgment of the superior court in sustain-
ing the certiorari and entering final judgment in favor of the ex-
press company was contrary to law.        *Judgment reversed.*