3755. COPLAN *v.* THOMPSON TRANSFER COMPANY.

RUSSELL, J. The amendment to the plea was not objected to, and the plea as amended was practically a declaration of the defendant's election to waive the tort and, by cross-action of set-off, to sue upon a breach of contract. Civil Code, § 4407. The court therefore erred in striking the plea on the ground that it was an effort to set off a tort against a claim arising ex contractu, and in thereafter directing a verdict. Even if the original plea can be construed as a set-off sounding in tort, the defendant had the right to waive the tort and sue upon the alleged breach of contract. *Judgment reversed.*

DECIDED SEPTEMBER 24, 1912.

Appeal; from Polk superior court—Judge Price Edwards. September 1, 1911.

Thompson Transfer Company sued Coplan in a justice's court for $26.01, on an account for hauling goods. The defendant filed a plea and answer as follows: " (1) Defendant admits plaintiff's account. (2) Defendant says that plaintiff is indebted to him in the sum of $75.00, and this sum he pleads as a set-off against the account of plaintiff, and asks for a judgment against plaintiff for the balance after giving him credit for the account sued upon; for

that on the —— day of May, 1909, plaintiff, who is a common carrier, received from the Seaboard Air-Line Railway Company one case of calico, of the value of $75.00, shipped from Knoxville, Tennessee, to defendant, and receipted said railroad for the same. After receiving said case of goods as above stated, plaintiff failed to deliver the same to defendant; for which plaintiff is liable. Defendant asks judgment in his favor for the sum of $48.50 and costs of suit." The case was appealed to the superior court, and the plea was there amended as follows: "Defendant . . amends the plea of set-off and says that he contracted with plaintiff to receive goods shipped to defendant from the railroads at Cedartown and to haul and deliver them to defendant at his store at Cedartown. In pursuance of said contract the plaintiff did receive said goods from the railroad, but failed to deliver the same to defendant. Defendant predicates his plea of set-off on said contract of hauling and delivery, and sues for his damages, viz., the value of said goods, and prays judgment for same." The plaintiff moved to strike the plea of set-off, on the ground that the plaintiff's suit was upon an account, and the plea set up damages for a tort. The court sustained the motion, and, after striking the plea of set-off, directed a verdict in favor of the plaintiff for the amount sued for. The defendant excepted.

*Charles G. Janes, Bunn & Bunn,* for plaintiff in error, cited: Civil Code, § 4407; 104 *Ga.* 692, 696; 94 *Ga.* 140-1; 118 *Ga.* 119; 123 *Ga.* 727 (1); Cooley, Torts (1880), 91.

*W. W. Mundy,* contra, cited: Civil Code, §§ 5668, 4340, 4406; 90 *Ga.* 416 (2); 3 *Ga. App.* 709 (1), 710; 70 *Ga.* 368 (1), 377; 116 *Ga.* 140 (2); 114 *Ga.* 924, 928; 5 *Ga. App.* 251; 8 *Ga. App.* 540 (1), 771; Cooley, Torts (2d ed.), 105, 106.