*R. C. Norman,* contra.

---

### 6732.  BOWERS *et al. v.* WILLIAMS.

1. The amount in controversy which fixes the jurisdiction of a justice's court is "the principal sum claimed."  Civil Code, § 4665 (1).
2. Where, by a construction favorable to the jurisdiction of a justice's court over the subject-matter of a plea in recoupment interposed to a suit on a contract, it reasonably appears that the defendant seeks to recover damages arising under the contract, for a breach of warranty, rather than for a tort by an action for deceit, such damages arising under the contract may be set up in extinguishment of the plaintiff's demand ex contractu, and a recovery had, if warranted by the evidence, for the excess of the demand of the defendant over that of the plaintiff, provided such balance does not exceed the jurisdiction of the court.
3. No notice to a plaintiff of the filing of a plea of recoupment by the defendant, claiming damages in excess of his demand on an unconditional contract in writing, is necessary to authorize the trial of a case in a justice's court at a term subsequent to that at which the plea is filed and in the absence of the plaintiff without legal excuse.  One who brings a suit in any forum competent to render a legal and binding judgment must at his peril follow up the subsequent proceedings in the case, and is bound by the action of the court therein, where the court acts within its jurisdiction and the proceedings are otherwise legal.
DECIDED APRIL 17, 1916.

Appeal; from Franklin superior court—Judge Meadow.    June 17, 1915.

*Adams & Johnson,* for plaintiffs in error.

*J. H. & Parke Skelton,* contra.

WADE, J.   Williams brought suit in a justice's court against

Bowers and Fowler, as joint makers on a promissory note for $5. The defendants interposed a plea under oath, in which they set up that the note sued upon represented the balance of the purchase-money of a certain horse traded by the plaintiff to them, "guaranteed and warranted by the plaintiff to be sound," and that the plaintiff in said trade "promised and expressly agreed" that the horse could be returned if found to be otherwise; "that plaintiff knew at the time of taking the note in question, and the other consideration for the horse, and on delivering same to them, that the horse was an unsound horse, and knew that defendants had no knowledge whatever of the same, except that imparted to them by the plaintiff;" that after keeping the horse a few days, the defendants discovered that it was an unsound horse, and immediately made a bona fide offer to rescind the trade with the plaintiff, but this offer the plaintiff refused; that the consideration for the horse, represented in part by the note sued upon, was the sum of $105, and that soon after the trade was made the horse died as a result of its diseased condition, existing and known to the plaintiff, but unknown to the defendants at the time of the trade; that by virtue of this trade, and the failure of the plaintiff "to make good his legal obligation of warranty, they [the defendants] have been injured in the sum of $105, which they recoup against plaintiff, and ask that they have judgment against the plaintiff for the sum of $100 and costs of suit." On the trial of the case in the justice's court, judgment was rendered in favor of the defendants and against Williams, the plaintiff, for the sum of $100. Execution issued thereon and was duly levied upon certain personal property of the plaintiff, and the plaintiff filed an affidavit of illegality, setting up that the execution issued illegally and was proceeding illegally for the following reasons: "First: Deponent has never had his day in court, was never served with any process or other notice of the pendency of the said suit whereon said execution is based, nor did he waive service, nor did he appear in or defend said suit. Second: That the pleadings in the case in behalf of the plaintiffs show that they sued for $105 in an action of deceit, and that the justice's court . . did not have jurisdiction of the amount sued for nor of the cause of action. Third: That the superior court of Hart county did have jurisdiction of said complaint." It appears from the bill of exceptions that judgment was rendered by the magistrate in favor of

the plaintiffs in execution (the defendants in the original suit), and from this judgment an appeal was taken by the defendant in execution to the superior court. In the superior court the original summons and the plea in recoupment filed by the defendants, together with the judgment in behalf of Bowers and Fowler, the execution and all entries thereon, and the affidavit of illegality above set forth, were introduced in evidence, and upon motion the judge of the superior court directed a verdict for the plaintiff in the original suit, the defendant in execution. A motion for a new trial was made by the plaintiffs in execution, on the usual general grounds and on the ground that the court erred in directing a verdict for defendant in execution. The trial judge overruled the motion and the plaintiffs in execution excepted.

1. The contention made in the affidavit of illegality, that the defendants in the justice's court sought a recovery for an amount beyond the jurisdiction of that court, is not well founded. The plea expressly asked for a judgment for $100 principal only, and the court rendered a judgment for this amount in excess of the plaintiff's demand. So far as the amount in controversy is concerned, the jurisdiction of a justice's court is dependent upon the amount of principal *claimed*. This is so well settled that it is unnecessary to cite authority on this question. Even where suit is brought for the breach of a forthcoming bond, it has been held that the amount claimed as damages and not the penal sum named in the bond fixes the jurisdiction. See *Bowden* v. *Taylor,* 81 *Ga.* 199 (6 S. E. 277) ; *Hanjaras* v. *Kilpatrick,* 7 *Ga. App.* 464 (67 S. E. 120). The plea in this case clearly and unmistakably seeks a recovery against the plaintiff for the sum of $100 only. The Civil Code, § 4665 (1), declares that the justices of the peace have jurisdiction "in all civil cases arising ex contractu, and in cases of injuries or damages to personal property, when the principal sum claimed does not exceed one hundred dollars," etc. See also § 6524. Section 4353 of the Civil Code is as follows: "Recoupment may be pleaded in all actions ex contractu, where from any reason the plaintiff under the same contract is in good conscience liable to defendant. And in all cases where, under the laws of this State, recoupment may be pleaded, if the damages of the defendant shall exceed in amount those of the plaintiff, the defendant shall in such cases recover of the plaintiff the amount of such excess." Section 4759

provides that when the defendant in a justice's court pleads and establishes a cross-demand greater than the demand of the plaintiff, the court shall render judgment in favor of the defendant and against the plaintiff for the excess over and above the demand of the plaintiff, unless such balance exceeds the sum of $100 principal, in which event the set-off claimed by the defendant shall, by the judgment of the court, be credited with the amount of the demand established and proved by the plaintiff. Here the defendants claimed only $100 in excess of the plaintiff's demand, and the court award them this amount only.

2. It was insisted that the justice's court was without jurisdiction to render the original judgment for the further reason that the court had no jurisdiction to entertain the cross-demand, since the plea of the defendants amounted in effect to an action for deceit, and that the plea attempted to set up, by way of defense to a suit on a contract, damages arising from a tort committed by the plaintiff. It may be said first that the demand of the defendants in the original suit grew out of the identical transaction in which the note sued upon was given. Section 4136 of the Civil Code provides that a breach of warranty, either express or implied, does not annul an executed sale, but gives to the purchaser a right to damages which may be pleaded in abatement of the purchase-money. Section 4350 declares that "Recoupment is the right of the defendant to have a deduction from the amount of the plaintiff's damages, for the reason that the plaintiff has not complied with the cross-obligations or independent covenants arising under the same contract." And section 4353, quoted above, provides that recoupment may be pleaded in all actions ex contractu, where the ·plaintiff under the same contract is liable to the defendant; and that in such cases, if the damages of the defendant exceed in amount those of the plaintiff, the defendant shall recover of the plaintiff the amount of such excess. In a suit on a contract the defendant may plead the fraud of the plaintiff in relation to the contract or to the subject-matter thereof, in diminution of the amount of the plaintiff's recovery. See 6 Enc. Dig. Ga. Rep. 505, and numerous cases there cited.

The next question is whether the plea interposed by the defendants in the justice's court amounted to an action for deceit. Sec-

tion 4407 of the Civil Code is as follows: "When a transaction partakes of the nature both of a tort and a contract, the party complainant may waive the one and rely solely upon the other." "Even if the original plea can be construed as a set-off sounding in tort, the defendant had the right to waive the tort and sue upon the alleged breach of contract." *Coplan* v. *Thompson Transfer Co.*, 11 *Ga. App.* 488 (75 S. E. 822). Pleadings in justice's courts are to be liberally construed, and the rule is well settled that if there be any doubt as to the construction of a suit in a justice's court, the construction favorable to the jurisdiction of the court should be adopted. *Payton* v. *Gulf Line Railway Co.*, 4 *Ga. App.* 762 (62 S. E. 169) ; *Central R. Co.* v. *Pickett*, 87 *Ga.* 734 (13 S. E. 750) ; *Fine* v. *Southern Express Co.*, 10 *Ga. App.* 161 (73 S. E. 35.) Bearing this rule in mind, it appears to us that the original plea in this case should rather be construed as seeking to recover damages for a breach of a warranty arising out of the original contract, of which the note sued upon was a part, and not as an action for damages because of the tort alleged to have been committed by the plaintiff Williams in delivering to Bowers and Fowler a horse about which they had no knowledge except from the statements of the plaintiff, and which he falsely represented to be sound, knowing at the time that the horse was unsound. The plea distinctly asserts an express warranty on the part of the plaintiff, an agreement on his part to receive the horse back if found by the defendants to be otherwise than sound, and that, immediately upon ascertaining that the horse was unsound, the defendants offered to rescind the trade with the plaintiff, and that this offer was refused by him; and further, that the horse died on account of its diseased condition, and that, by reason of the failure on the part of the plaintiff "to make good his legal obligation of warranty," the defendant had been injured, etc.

Giving to the plea the construction most favorable to the jurisdiction of the court, it can not be said that the defendants in the justice's court sought a recovery because of deceit practiced upon them through the knowingly false representations made by the plaintiff. It appears rather that the defendants relied upon the contract of warranty and sought a recovery for a breach of that contract as a part of the entire original transaction; for in addi-

tion to what has been said, the plea itself expressly admits the execution of the note sued upon, that the plaintiff was the legal holder thereof and had a right to sue, "and that they [the defendants] are indebted to the plaintiff for the sum sued." There is plainly no attempt to repudiate the contract under and by virtue of which the plaintiff Williams obtained from the defendants Bowers and Fowler property valued at $100, and the note for $5 upon which Williams brought suit. The case of *Cornett* v. *Ault,* 124 *Ga.* 944 (53 S. E. 460), very closely resembles the case under consideration, but a careful examination of the facts in the two cases will show substantial and material differences. In that case Justice Atkinson, speaking for the Supreme Court, said: "The justice of the peace was clearly without jurisdiction to render a judgment for the defendant for any sum on his set-off. This is true for two reasons. In the first place, the defendant so pleaded his cause as to show that he contends for the alleged damages, not upon the breach of the contract of warranty, but on account of deceit. By electing to go upon the theory of deceit, his cause is one sounding in tort, and his remedy is by action on the case. In this connection see *Peel* v. *Bryson,* 72 *Ga.* 335, and cit. The damages, not being for injury to personal property, do not fall within the comprehension of the Civil Code, § 4068 [Code of 1910, § 4665], which defines the subject-matters with which justices' courts may deal. In the second place, being an action sounding in tort, it could not be pleaded as a set-off to an action on the contract (note), except upon equitable reasons, as for insolvency of the plaintiff, or other similar grounds. Civil Code, § 4944 [Code of 1910, § 5521]; *Hecht* v. *Snook & Austin Co.,* 114 *Ga.* 923 (41 S. E. 74), and cit. And no court, except a court of equity, could entertain such a plea for the purpose of granting such affirmative relief. *Ragan* v. *Standard Oil Co.,* 123 *Ga.* 14 (50 S. E. 951), and cit. The plea in question was of that character. So when the justice of the peace rendered the judgment for the full amount of the defendant's set-off, he was without jurisdiction to do so, and his judgment to that effect was absolutely void and without any force whatever. That express finding, being without effect, could not support by implication any conclusion not expressed, nor a resultant finding for court costs. There was no other express finding, and it follows that the judgment as a whole was void. Being

so, it should be treated as a nullity everywhere and in every court. Civil Code, § 5369."

It will be observed that the learned Justice emphasized in that case the fact that the defendant "so pleaded his cause as to show that he contends for the alleged damages, *not upon the breach of the contract of warranty, but on account of deceit.*" Here, construing the plea all together and notwithstanding certain allegations which would be proper in an action for deceit, it is apparent that the defendants contended for damages not on account of the deceit practiced upon them, but because of the breach of the contract of warranty, and hence they sought no recovery for a tort but under the contract itself. We do not think, therefore, that the justice was without power to render the judgment attacked by illegality for the alleged reason that the court had no jurisdiction over the subject-matter.

3. The first ground of the affidavit of illegality need not be discussed at length. To the original action the defendants had the right to set up any existing legal counter-demand which could be properly urged by them in defense, and the fact that the plaintiff was not present at the trial when judgment was rendered against him would not establish the contention that he had never had his day in court. The suit was brought to the March term of the justice's court, and judgment was not rendered at the first term, but at the May term thereafter. Where the defendant in a justice's court makes defense to an unconditional contract in writing, he must make the defense at the first term, and in that event the case stands for trial at the next term, unless the plaintiff or his attorney is present at the term when the plea is filed and consents to a trial at that time. Civil Code, §§ 4734, 4735. In this case, as said above, not only was the trial not had at the term at which the record discloses the plea was filed, but in the brief of evidence there is nothing to sustain the allegations in the affidavit of illegality that the affiant never had his day in court, was not served with process or notice of the pendency of the suit upon which the execution was based, and did not waive service, or appear in or defend said suit.

The trial judge erred in overruling the motion for a new trial.

*Judgment reversed. Russell, C. J., absent.*