25147.   THOMAS *v.* TRAVELERS INSURANCE CO. *et al.*

DECIDED APRIL 13, 1936.   REHEARING DENIED JUNE 8, 1936.

*William A. Thomas,* for plaintiff.

*Neely, Marshall & Greene,* for defendants.

JENKINS, P. J. ■ An attorney's lien, under the Code of 1933, § 9-613 (2, 3), "attaches to the fruits of [his] labor and skill . . whether realized by judgment or decree, or by virtue of an award, or in any other way, as long as they are the result of his exertions." *Camp* v. *U. S. Fidelity &c. Co.,* 42 *Ga. App.* 653 (2) (157 S. E. 209).

■ Fees of attorneys in connection with the collection of moneys for an employee under the workmen's compensation act "shall be reasonable and measured according to the employee's station, and shall be *subject to the approval of the Department of Industrial Relations.*" Code, § 114-714. Where the reasonableness and amount of attorney's fees were submitted by an attorney to the department, which after a hearing entered an order that the fees previously paid by the employee client constituted a reasonable amount, and that no further fee would be allowed, such a judgment, unappealed from, unless void under some settled rule of law relating to the validity of judgments, is res judicata, precluding the attorney from subsequently foreclosing and collecting under his alleged lien upon an award of compensation by the department to the employee. In *Camp* v. *U. S. Fidelity &c. Co.,* supra, the amount claimed by the attorney not only had not been disallowed, but it had been approved, by the industrial commission; and consequently the procedure of the attorney, under the provisions now contained in the Code, §§ 9-613, 114-711, in foreclosing in the superior court his lien upon the award of the commission, and ob-

taining in the superior court a judgment based upon that award, was sustained.

■ The severe illness of a party, preventing him from attending a trial, will generally be treated as a casualty or misfortune which will constitute a proper ground for vacating or setting aside a judgment rendered against him. 1 Black on Judgments (2d ed.), 516, 517, §§ 337, 338. But "one who brings a suit in any forum competent to render a legal and binding judgment must at his peril follow up the subsequent procedure in the case, and is bound by the action of the court therein, where the court acts within its jurisdiction and the proceedings are otherwise legal." *Bowers* v. *Williams,* 17 *Ga. App.* 779 (3) (88 S. E. 703). Where a party receives notice of a trial or hearing, and an attorney appears for him and participates therein, and a judgment is rendered against him, the fact that the court or forum had notice of his sickness will not render the judgment void, and as such subject to attack under the Code, § 110-701, "in any court and by any person." It is the duty of such a party to "follow up" his case by proper procedure to attack the judgment upon some meritorious showing that, although represented by the attorney, his absence prejudiced some substantial right or prevented him from testifying upon some matter vital to his right of recovery or defense (see *Manry* v. *Twitty,* 132 *Ga.* 478, 64 S. E. 273; 34 C. J. 316, 317, and cit.) ; or in any event, not to ignore the adverse judgment by failing to appeal or take a writ of error to the proper court.

■ In the instant suit by an attorney to foreclose in the superior court his alleged lien against an employer and its insurance carrier for a one third contingent fee upon awards of compensation by the Department of Industrial Relations to an employee client under the workmen's compensation act, the court properly entered judgment in favor of the defendants, where it appeared from the stipulated facts and the records of the department that it had twice adjudicated that the fees already paid to the petitioner were reasonable and that no further fee should be allowed; and where it appeared that, although these orders were made nearly five years before the instant foreclosure, the petitioner took no appeal therefrom; that, even though the petitioner was absent at the last hearing before the department, because of sickness known to the department, an associate attorney and an attorney especially

representing the petitioner were present, and his own attorney participated in the hearing; and that no subsequent effort was made by the petitioner to have the adverse order vacated or set aside by the department or reversed by the superior court, upon a proper showing that his rights were materially prejudiced by proceeding with the hearing in his absence. Therefore, the Department of Industrial Relations having jurisdiction over the fee application made to it by the petitioner, its judgments against him were res judicata; and neither the superior court nor this court has the authority to ignore them or set them aside as void.

*Judgment affirmed. Stephens and Sutton, JJ., concur.*