41506. LEVY et al. v. PESTOP CORPORATION et al.

PANNELL, Judge. The petition brought by the plaintiffs against three defendants, one of the defendants being a corporation and the other two defendants being individuals who were officers of the corporation, alleges that the defendants are indebted to plaintiffs in the sum of $37,500 by reason of facts thereafter shown; then (through paragraph 9), alleges that the corporate defendant entered into a contract with plaintiffs whereby plaintiffs were to sell and the corporate defendant was to buy certain personal property, and that plaintiffs delivered the property to the defendant corporation according to the terms of the contract and tendered a bill of sale thereto to said defendant which refused to accept the bill of sale and refused to pay "the purchase price," and that under the terms of the contract "plaintiffs are entitled to the purchase price for said property." At this point (paragraph 10), the petition then alleges that the individual defendants "are liable to plaintiffs for the purchase price of said personal property of $37,500 by reason of the facts hereinafter alleged," and then proceeds to allege certain acts of the individual defendants culminating in the following allegations of paragraphs 16 and 17 of the petition: "16. That at the time said agreement between plaintiffs and defendant corporation was entered into, on June 1, 1964, the defendants, Crosby and Rosenthal, intended to use defendant corporation as a cover and sham for their fraudulent taking of said property from plaintiffs and using the same for the purposes of and the benefits to said defendants, knowing full well that said conduct on the part of defendant corporation and defendants, Crosby and Rosenthal, was fraudulently intended to deceive plaintiffs into believing that the agreement entered into between said parties would be respected by said defendants and the terms thereof met by defendant cor-

poration on October 1, 1964, when, as a matter of fact, the conduct and actions of the defendants, Crosby and Rosenthal, during the four months period from June 1, 1964 to October 1, 1964, fully demonstrates the intention on the part of said defendants, Crosby and Rosenthal, to appropriate to their own personal use and to the use of the defendant corporation, and to the detriment of plaintiffs, all of the property delivered to said defendants by plaintiffs, as well as the moneys collected and to be collected out of the customer accounts receivable delivered at the same time. 17. That by reason of the acts of the defendants, Crosby and Rosenthal, hereinbefore alleged, said defendants are personally liable to plaintiffs in the amount of $37,500." The prayer was for judgment jointly and severally against the defendants for the sum of $37,500. Each defendant demurred to the petition on the ground of misjoinder of parties and causes of action. These demurrers were sustained by the trial judge and upon failure of the plaintiff to amend, the petition was dismissed. *Held:*

1. The petition, properly construed, seeks recovery on the contract against the corporate defendant and recovery on tort against the individual defendants. See *Oxford Chem. Corp. v. Detrex Chem. Industries,* 217 Ga. 126 (121 SE2d 130). The following cases relied upon by plaintiff in error do not require a different ruling. In *Wrigley v. Nottingham,* 111 Ga. App. 404 (141 SE2d 859), the corporation was not a party defendant; in *Willson v. Appalachian Oak Flooring &c. Co.,* 220 Ga. 599 (140 SE2d 830), the allegations unequivocally show that the corporate defendant was an active party in a fraudulent conspiracy to swindle the creditors based primarily upon the nonpayment of the minimum required capital stock. Nor did the petition in the present case seek to set aside the contract because of the failure of the incorporators to pay in the minimum required stock. See *Burns v. Beck & Gregg Hardware Co.,* 83 Ga. 471 (1) (10 SE 121).

2. The rule that where there is a general demurrer to a petition and the allegations of the petition leave it uncertain as to whether the suit is for breach of contract or for tort and there is no demurrer attacking this defect, the petition will be given that construction most favorable to the assertion of a cause of action in plaintiff's favor (*Payton v. Gulf Line R. Co.,* 4 Ga. App. 762 (2) (62 SE 469); *Southern Express*

*Co. v. Pope,* 5 Ga. App. 689 (2) (63 SE. 809)), has no application here, where the demurrer interposed attacks the petition for misjoinder of causes of action, one in contract and one in tort, and misjoinder of parties defendant, the party to the contract and the parties to the tort.

3. Misjoinder of parties and misjoinder of causes of action are proper grounds of special demurrer (*Ga. R. & Banking Co. v. Tice,* 124 Ga. 459 (52 SE 916, 4 AC 200)), and where, as here, the case sounds in contract against the corporate defendant and in tort against the individuals who are not parties to the contract, and the plaintiffs refuse to amend to meet the demurrer, the petition is properly dismissed.

*Judgment affirmed. Nichols, P. J., and Eberhardt, J., concur.*

ARGUED SEPTEMBER 10, 1965—DECIDED SEPTEMBER 21, 1965.

*Harold Karp, A. Tate Conyers,* for plaintiffs in error.
*Arnall, Golden & Gregory, H. Fred Gober,* contra.