Wooten *v.* Denmark *et al.*, executors.

Where an attorney at law, under employment, obtained judgment of foreclosure of a mortgage and caused execution to be issued and levied on the land, which was sold, his client becoming the purchaser and taking the title, no money being paid, but the price of the land being entered as a credit upon the execution, the lien of the attorney for his fee attached to the land and could be foreclosed thereon.

June 2, 1890.

Liens. Attorney and client. Before Judge Guerry. Calhoun superior court. December term, 1889.

Reported in the decision.

Wooten & Wooten and D. H. Pope, for plaintiff.

Denmark, Adams & Adams, by Harrison & Peeples, for defendants.

Blandford, Justice.

Walter employed Wooten as an attorney at law to foreclose a mortgage on certain land in the county of Calhoun. Wooten performed the services. He obtained judgment of foreclosure and caused execution issued thereon to be levied on the land, which was sold, Walter becoming the purchaser and taking title thereto, but without paying any money, the price of the land being simply entered as a credit upon the execution. Wooten was proceeding to foreclose a lien upon the land for his fees as an attorney. Walter died, and the defendants in error were made parties as his executors. They thereupon moved to dismiss the foreclosure proceedings, on the ground that, under the laws of this State, Wooten had no lien for his services upon the land purchased by Walter. The court sustained the objection and dismissed the case. Wooten complains of this ruling of the court and says it was error.

The code, §1989, provides that "Upon all suits for the recovery of real or personal property, and upon all judg-

ments or decrees for the recovery of the same, attorneys at law shall have a lien on the property recovered, for their fees, superior to all liens but liens for taxes, which may be enforced by said attorneys at law, or their lawful representatives, as liens on personal and real estate, by mortgage and foreclosure." The defendants in error insist that the land upon which Wooten seeks to enforce his lien was not recovered, and therefore that the court held right in dismissing the proceeding. Wooten could have compelled the sheriff to sell for money the whole land, or so much of it as would have paid off his fees. His lien attached to the judgment of foreclosure, the mortgage and everything that was incident thereto. And when Walter purchased this land by means of the judgment recovered by Wooten, it was in effect a recovery by Wooten of the land itself. Suppose Wooten had been employed by Walter to defend an action of ejectment for land in his possession. Wooten, if he had succeeded in the suit, evidently would have had a lien upon the land of his client for the services rendered in that case. The effect would be the same if Wooten had been employed to defend an action of trover for personal property in Walter's possession. If he had defended it successfully, he would have had a lien for his fees upon the property embraced in that suit. The question is, what did Walter get as the result of Wooten's services? In this case he got the land upon which Wooten seeks to foreclose his lien. In our opinion, this was property recovered by Wooten for his client, and falls not only within the spirit and equity of the statute, but also within its letter. See the cases of *Twiggs* v. *Chambers*, 56 *Ga.* 279; Hobson v. Watson, 56 Am. Dec. 632; Andrews v. Morse, 31 Am. Dec. 752. The rule to be deduced from the decisions construing laws similar to our own, which give attorneys' liens, is that the lien attaches to the fruits of the labor and skill of the attor-

ney, whether realized by judgment or decree, or by virtue of an award, or in any other way, as long as they are the result of his exertions. *Ex parte* Price, 2 Ves. Sr. 407; Turwin *v.* Gibson, 3 Atk. 720; Mitchell *v.* Oldfield, 4 T. R. 123; Barnsley *v.* Powell, Ambler, 102; Fillmore *v.* Wells, 10 Col. 228, s. c. 3 Am. State Rep. 567; Fairbanks *v.* Sargent, 9 N. E. Rep. 870. These authorities show that the attorney's lien attaches to property taken by a plaintiff in settlement of a suit or in satisfaction of a judgment. We think there can be no doubt that the court below committed error in sustaining the demurrer to the plaintiff's petition and dismissing the case.                    *Judgment reversed.*