No. 5677. JUNE 18, 1927.

---

MIDDLETON *et al.*, executors, *v.* WESTMORELAND *et al.*

1. Attorneys at law in this State have by statute liens upon all suits for the recovery of real or personal property, upon all judgments and decrees for the recovery of the same, and upon the property recovered, for their fees, superior to all other liens except liens for taxes.

(*a*) Where a testator devised land and other property to his widow, and the will was caveated by certain of his relatives, and where a former wife of the testator applied for a year's support and dower out of the land bequeathed to his widow, who employed counsel to probate the will and to resist the applications for year's support and dower, and where the attorneys so employed rendered services in probating the will and in resisting said applications, which resulted in the settlement of all this litigation, under which the widow received the land devised and other property bequeathed to her under the will, the settlement being fully approved by her, such land was property recovered by her attorneys, and falls not only within the spirit of the statute, but also within its letter, and the attorneys had a lien thereon under our statute.

(*b*) The rule to be deduced from the decisions construing laws similar to

our own, which give attorneys liens, is that the lien attaches to the fruits of the labor and skill of the attorney, whether realized by judgment or decree, or by virtue of an award, or in any other way, so long as they are the result of his exertions.

2. Liens of attorneys at law upon real estate, being enforceable as mortgages, may be foreclosed either by the statutory proceeding provided under our Code for the foreclosure of mortgages, or by a suit in equity.

(a) When liens of attorneys at law upon real estate are enforced in equity, the suit must be brought in the county of the residence of a defendant against whom substantial relief is prayed.

(b) Where attorneys at law proceed by suit in equity to foreclose their lien upon real estate which has been sold by the executors of their client, to trace the fund arising from such sale, and to subject it to the satisfaction of their lien, and the suit is brought in the county of the residence of a corporation which is in possession of a portion of said fund under an agreement between the executors and the purchaser at their sale of said land, that the same is to be held to hold the purchaser harmless against the lien of the attorneys, such suit, so brought against the holder of said fund, the executors of the client, and the purchaser at their sale, who reside in different counties from that of the corporation, seeks substantial equitable relief against the corporation, and is properly brought in the county of its domicile.

3. The court below did not err in overruling the demurrer based upon the grounds that the petition set forth no cause of action, and was not brought in the county of the residence of a defendant against whom substantial relief was prayed.

No. 5685.  June 18, 1927.

Equitable petition. Before Judge Howard. Fulton superior court. September 16, 1926.

George and John L. Westmoreland filed their petition in Fulton superior court, against the Atlanta Title & Trust Company, of Fulton County, Hugh Clements Middleton and Charles G. Houston, as executors of Catherine Houston Gunn, of Richmond County, and A. H. Harper, of DeKalb County, in which they made these allegations: J. A. Gunn died testate, in Fulton County, in 1924. By his will he left to his wife, Catherine Houston Gunn, among other property, certain described real estate in said county. When his will was offered for probate by his wife, who was named the executrix thereof, caveats were filed thereto by certain of his relatives, upon various grounds. A petition for year's support and dower out of said real estate was filed by a former wife of testator. The wife employed George and John L. Westmoreland, as attorneys, to represent her in all of said proceedings. They made a satisfactory settlement of said litigation for her, which she approved, and by and through the representation of said attorneys

she saved said real estate and other property against all adverse claims asserted against the same in said litigation. When said litigation was ended said attorneys and their client agreed upon a fee to said attorneys for representing her in said litigation and bringing it to a successful conclusion, the amount agreed upon for said fee being $2,500, of which amount the client paid $500 and interest to March 1, 1925, leaving a balance due her attorneys of $2,000, as of said date. The client died on May 23, 1925, testate, and her will was probated in Fulton County on May 25, 1925, Hugh Calhoun Middleton and Charles G. Houston qualifying as executors thereof on said date. At the time of her death she was indebted to her said attorneys in the sum of $2,000, with interest thereon from March 1, 1923, for the services so rendered by them to her in said litigation. On February 10, 1926, the executors sold, conveyed, and transferred to A. H. Harper said real estate, the same being sold as the property of the estate of their testatrix. Harper was not a bona fide purchaser for value of said real estate, without notice of the lien of the attorneys, but took the same with full knowledge of said lien. The attorneys have a lien on said described property, superior to all other liens against the same, except liens for taxes, if any, and are entitled to have the same sold and their lien paid in full. At the time Harper purchased said property from the executors, he required the executors to deposit in escrow with the Atlanta Title & Trust Company the sum of $2,300, for the purpose of protecting him in the purchase of said property against the lien of said attorneys. This money is now in the hands of said company under said agreement. The attorneys are entitled under the law to a lien on said fund, and to have the same paid into court and applied to the satisfaction of their claim. Unless the said company is enjoined from paying over to the executors the above money, it might do so, to the damage of petitioners. Unless Harper is enjoined from disposing of, selling, or conveying said real estate, he might transfer, sell, or convey the same, to the irreparable damage of petitioners. If a bona fide purchaser for value, without notice of said lien, should purchase said property, it would cause irreparable damage to petitioners. Plaintiffs have no complete and adequate remedy at law, and this proceeding in equity will avoid a multiplicity of suits. They pray that the Atlanta Title & Trust Company be enjoined

from paying over said money to the executors, or to any one else, except under order of the court; that said company be directed and required to pay said money into court, to be applied to the payment of petitioners' lien; that Harper be enjoined from aliening, selling, conveying, or otherwise in any way disposing of said real estate; that the lien of petitioners as attorneys at law be established and foreclosed against said real estate; and that the same be sold and the said lien satisfied out of the fund arising from said sale.

The executors demurred to said petition, upon the grounds: (a) that the superior court of Fulton County has no jurisdiction of their persons, but the superior court of Richmond County has such jurisdiction; (b) that it appears from the face of the petition that the superior court of Fulton County has no jurisdiction of the subject-matter of said action, but that the superior court of Richmond County only has jurisdiction thereof; (c) that it appears from said petition that said cause is an equity suit, and that the only defendants against whom substantial relief is prayed are demurrants, who are residents of Richmond County, and that accordingly the superior court of Fulton County has no jurisdiction of said cause or of their persons, but that the superior court of Richmond County has such jurisdiction; (d) that said petition sets forth no cause of action; (e) that the facts alleged do not entitle plaintiffs to an attorney's lien, or the foreclosure thereof; (f) that the services rendered by petitioners are not such as, under the laws of Georgia, entitle the attorneys rendering them to a lien on the estate of testatrix, or any part thereof; and (g) that said services in probating said will, and in settling with the caveators, with the approval of the testatrix, and in representing her therein, do not entitle petitioners to a lien on any part of the estate of testatrix, or on the real estate described in the petition, because said probate proceeding was not a suit for money or for the recovery of property, and such services were not rendered in the successful defense of any of such suits. The demurrer was overruled, and the executors excepted.

*Hamilton Phinizy,* for plaintiffs in error.

*George & John L. Westmoreland, E. V. Carter, Frank Carter, E. V. Carter Jr., Henderson Hallman, Candler, Thomson & Hirsch,* and *J. A. Noyes,* contra.

HINES, J. [After stating the foregoing facts.]

1. Attorneys at law in this State have liens, (a) on all papers and money of their clients in their possession, for services rendered to them; (b) on all suits, judgments, and decrees for money, which can not be satisfied until their liens are fully satisfied; and attorneys have the same right and power over the same, to enforce their liens, as their clients had or may have, for the amounts due thereon to them; (c) upon all suits for the recovery of real or personal property, and upon all judgments and decrees for the recovery of the same, for their fees, superior to all other liens, except liens for taxes, which may be enforced "as liens on personal and real estate, by mortgage and foreclosure, and the property recovered shall remain subject to said liens unless transferred to bona fide purchasers without notice;" and (d) attorneys at law, employed and serving in defense against suits, have the same liens and means of foreclosure which are allowed to attorneys at law who are employed to sue for any property, if the defense is successful. Civil Code (1910), § 3364. The lien asserted by the plaintiffs is based upon that provision of the above section which gives to attorneys liens upon suits for the recovery of real or personal property, upon all judgments or decrees for the recovery of the same, and on the property recovered. Unless the petition in this case sets forth a state of facts which brings the case within the terms of this provision of the code section, it must fail as a suit to foreclose a lien. This statute, creating liens in favor of attorneys at law, is in derogation of the common law, and is to be strictly construed. *Brown* v. *Georgia, Carolina & Northern Ry. Co.,* 101 *Ga.* 80, 83 (28 S. E. 634). The mere engagement by a prospective suitor of an attorney at law, upon a contingent fee, does not create a lien for fees in favor of the latter, in the cause of action respecting which he is employed; but upon the filing of a suit by him a lien attaches in his favor in such suit, which the plaintiff and defendant are not at liberty to settle so as to defeat the attorney's claim for fees. *Brown* v. *Georgia, Carolina & Northern Ry. Co.,* supra.

This court has held that an attorney is not entitled to a lien upon land for obtaining a restraining order to prevent the sale thereof, when such order was subsequently dissolved, though the delay enabled the client to arrange to prevent the sale. *Hodnett*

v. *Bonner*, 107 *Ga.* 452 (33 S. E. 416). In such a case it could hardly be held that the services of the attorney resulted in the recovery of the land for his client. In that case the relation between cause and effect was so remote that the services rendered by the attorney could not be held to be the cause which effected the saving of the client's land. In *Wooten* v. *Denmark*, 85 *Ga.* 578 (11 S. E. 861), this court held that "Where an attorney at law, under employment, obtained judgment of foreclosure of a mortgage and caused execution to be issued and levied on the land, which was sold, his client becoming the purchaser and taking the title, no money being paid, but the price of the land being entered as a credit upon the execution, the lien of the attorney for his fee attached to the land and could be foreclosed thereon." This court said: "In our opinion, this was property recovered by Wooten for his client, and falls not only within the spirit and equity of the statute, but also within its letter. . . The rule to be deduced from the decisions construing laws similar to our own, which give attorneys' liens, is that the lien attaches to the fruits of the labor and skill of the attorney, whether realized by judgment or decree, or by virtue of an award, or in any other way, as long as they are the result of his exertions." So where a testator devised land and other property to his widow, and the will was caveated, and where a former wife of the deceased applied for a year's support and dower out of the land bequeathed to his widow, who employed counsel to probate the will and to resist the applications of the former wife for a year's support and dower in the land bequeathed to the widow, and where the attorneys so employed by the widow rendered services in an effort to probate the will, and in resisting the applications for year's support and dower, which resulted in a settlement of all this litigation, under which the widow received the land devised and other property bequeathed to her under the will, the settlement being fully approved by the client, such land so received by the widow was property recovered by her attorneys, and falls not only within the spirit of the statute, but also within its letter. This being so, her attorneys had a lien on the land so recovered by them, which they could assert by foreclosure.

2. The liens of attorneys at law upon real estate recovered by them for clients may be enforced by them "as liens on personal

and real estate, by mortgage and foreclosure." Civil Code (1910), § 3364, (3). Mortgages on real estate may be foreclosed either by the statutory proceeding provided in the Civil Code, § 3276, or they may be foreclosed in equity. § 3305. It follows that liens of attorneys upon real estate may be foreclosed by either of these methods. The proceeding to foreclose the lien in the instant case was one in equity. This being so, the present suit ought to be brought in the county of the residence of a defendant against whom substantial relief is prayed. Civil Code (1910), §§ 5527, 6540. The suit in this case was brought against Atlanta Title & Trust Company of Fulton County, the executors of Catherine H. Gunn, who reside in Richmond County, and A. H. Harper of DeKalb County. It is urged by counsel for the executors that no cause of action is set out, and that no substantial relief is prayed against said company, which is the only defendant residing in Fulton County where the suit was brought. It is true that where a petition in equity does not set forth a cause of action against the only defendant residing in the county in which the suit is brought, the court is without jurisdiction to grant substantial relief prayed against defendants residing in another county. *Lester* v. *Mathews*, 56 *Ga.* 655 (4) ; *McClellan* v. *American Tie & Timber Co.*, 135 *Ga.* 370 (69 S. E. 486) ; *Glenn* v. *Caulhen*, 150 *Ga.* 784 (105 S. E. 365). It is also true that if the resident defendant is a mere stakeholder, his residence would not support the jurisdiction against the non-resident defendants. *Shewmake* v. *Johnson*, 57 *Ga.* 75. The Atlanta Title & Trust Company is not a mere stakeholder, so far as the plaintiffs are concerned, as we shall undertake to show. It is likewise true, as a general rule, that an unforeclosed mortgage can not be used as the basis of a claim for money which is in court for distribution. *Thornton* v. *Wilson*, 55 *Ga.* 607. To this rule there is an exception. Although a mortgage may not be foreclosed, the mortgagee can, by proper proceedings, claim the fund arising from the sale of the property by the administrator. *National Bank of Athens* v. *Exchange Bank*, 110 *Ga.* 692 (36 S. E. 265). But in this case plaintiffs are not seeking to subject a fund in court to their unforeclosed attorney's lien. They are seeking to trace and subject the proceeds of property on which they hold such lien. In the first division of this opinion, we have undertaken to show that they had a lien upon the real

estate involved in this case. This real estate has been sold by the executors of the client. By an agreement between the executors and the purchaser of the real estate, a portion of the purchase-money has been placed with this company in order to hold the purchaser harmless against this lien. The plaintiffs in this case are seeking to foreclose their lien, to follow this fund, and subject it to the satisfaction of their lien. It is insisted, however, that the sale of this land by the executors did not divest the lien of the plaintiffs, and that they have an ample remedy by the foreclosure of their lien and sale of this land. Where an administrator sells land under a proper order of the court of ordinary, liens thereon are divested and transferred to the fund. Civil Code (1910), § 4029; *Newsom* v. *Carlton,* 59 *Ga.* 516. This law is applicable to executors. Civil Code (1910), § 3892. When land has been sold at an administrator's sale, and a lien thereon transferred by virtue of this section to the proceeds, such lien should be paid from such proceeds. In such circumstances the plaintiffs could proceed to assert their equitable right to have their lien paid out of the proceeds of the executors' sale. They can not obtain a general judgment de bonis decedentis, but can only claim that the fund arising from the property, or so much thereof as might be necessary, should be applied to the payment of their lien, subject, however, to have legitimate defenses raised as to the legality and priority of their attorney's lien, or the amount due thereon. *Moughon* v. *Masterson,* 140 *Ga.* 699 (79 S. E. 561). This fund not being in the hands of the executors, but in the Atlanta Title & Trust Company, the plaintiffs are proceeding to secure a decree fastening their lien on this fund and subjecting it to the payment of their lien. They are thus seeking substantial equitable relief against the defendant resident in Fulton County, and the superior court of that county has jurisdiction.

In view of what is said above, the petition set forth a cause of action, and sought substantial equitable relief against the defendant which resides in Fulton County. It follows that the trial judge did not err in overruling the demurrer to the petition.

*Judgment affirmed. All the Justices concur.*