BARGE *v.* OWNBY *et al.*

No. 7417. APRIL 18, 1930.

*J. J. Barge, Lawton Nalley,* and *Louis H. Foster,* for plaintiff.

*George G. Finch, Roy S. Drennan,* and *Vester M. Ownby,* for defendants.

HINES, J. On November 21, 1928, Dunson and others filed a creditors' bill against Howard. Temporary receivers were appointed to take charge of the property of the defendant, as prayed. On the same day and a few minutes after the filing of the above suit, Brown and others filed a creditors' bill against Howard; and the court appointed the same persons as temporary receivers. On December 13, 1928, the court in the first of these cases appointed the same persons permanent receivers of the property of the defendant. On January 12, 1929, all parties consenting, the above suits were consolidated. Afterwards Vester M. Ownby, who represented the complainants in the second suit, filed in the consolidated case his application for fees for services rendered in bringing into court the funds arising from the sale of the assets of the insolvent debtor. He prayed for the allowance of reasonable compensation for such services. Ownby employed Barge, a fellow attorney at law, to aid and represent him in securing the compensation sought. Ownby agreed to allow Barge one half of any amount which the court would allow him as compensation for such services. This application finally came on to be heard before Judge Pomeroy, one of the judges of the superior court of Fulton County, and Barge announced ready for the applicant. While waiting for the case to be reached in its order for trial, Ownby approached Barge and asked him how much his fee would be if the matter was settled by consent. Barge stated that he would accept $50 if an agreement was reached and an order taken by consent. Roy S. Drennan was the attorney for the receivers. Thereupon Ownby and Drennan presented to the judge in chambers a consent order directing the receivers to pay to Ownby for the above services the sum of $250. Barge called upon Ownby and Drennan several times for the money due him, and for the papers filed by Ownby and the order thereon allowing attorney's fees, but has never been able to get them, Ownby stating to him that Drennan had retained the amount of money due him and had promised to take care of his fee out of the amount so retained by him. Barge has not been paid the amount due him or any part thereof, although he has given considerable time in endeavoring to get such amount.

Barge intervened in the creditors' consolidated case, and prayed

that Ownby and Drennan show cause why the funds so held by them should not be paid to him, and why the petition of Ownby for compensation and the order thereon should not be filed in the clerk's office. On July 13, 1929, the judge issued a rule nisi as prayed. This intervention of Barge was filed in office on July 17, 1929. On July 18, 1929, Barge amended his petition; and made these allegations: Ownby and Drennan presented the order allowing said compensation, which Barge had never had any opportunity to see until July 17, 1929. The order allowing said compensation was signed by the judge without examination, for the reason that it was offered as a consent order. When the petition of Ownby for compensation was called and Barge had announced ready for Ownby, and while they were waiting for the case to be reached in its regular order, Ownby and Drennan retired to the judge's chambers, and later Drennan, as attorney for the receivers, presented to the court the order allowing compensation to Ownby. The only notice that Barge had that this order was taken in the case, which they were waiting to hear, was when Drennan came by where he was sitting and stated that the order had been taken. Barge immediately followed Drennan into the judge's chambers, but found neither Ownby nor Drennan there. Upon leaving the room he saw Ownby and Drennan going in great haste towards the elevator. As Ownby and Drennan were waiting for an elevator to pass, Barge reached them and asked Ownby what they had done, what amount the order was taken for, when Ownby stated that he did not know. Ownby and Drennan acted together for the purpose of having said order taken payable to Ownby for the purpose of defrauding Barge out of his fee and to keep him from seeing said order before it was presented to the court, for the purpose of preventing him from having an opportunity to request the court to protect him in his fee. Barge prayed the court to consider the entire case then pending, and pass such order as to the court might seem just and right and would secure to him his portion of the $250 as per the agreement between Ownby and him. The respondents in the rule nisi moved to dismiss the petition as amended, which motion the court sustained, and the petition was dismissed, the court being of the opinion that it was without jurisdiction to pass upon the petition of Barge. To this ruling Barge excepted.

Attorneys at law have liens "Upon suits, judgments and decrees

for money." Civil Code (1910), § 3364 (2). The lien of an attorney under this section attaches to the fruits of the labor and skill of the attorney, whether rendered by judgment or decree, or by virtue of an award, or in any other way, if they are the result of his exertions. *Woolen* v. *Denmark*, 85 *Ga.* 578 (11 S. E. 861); *Middleton* v. *Westmoreland*, 164 *Ga.* 324 (138 S. E. 852). So, if Ownby employed his fellow attorney Barge to press his application for fees for bringing into court funds in a creditors' bill, and compensation was allowed him by the court, as a result of his labor and skill, Barge would have a lien upon the judgment allowing such compensation and the proceeds of the recovery. In such a situation Ownby, although himself an attorney at law, occupies the position of client, and the relation between him and Barge was that of an attorney at law. By employing Barge to represent him in this matter he stepped down from his pedestal as a lawyer to the place of a client; and Barge, by virtue of his employment and the rendition of his services thereby involved, acquired a lien upon the judgment obtained awarding compensation to Ownby and upon the proceeds of such judgment.

The only serious question is, what was Barge's remedy to get his portion of the compensation which was given to Ownby for services rendered in the creditors' suit. Ownby as an attorney instituted for his client the creditors' bill. This alone would not make Ownby a party to the case, and alone would not subject him to an independent rule by Barge for the recovery of his portion of the funds awarded Ownby for services rendered in bringing the same into court in the creditors' bill. But Ownby became a party by intervention to the creditors' bill. In his intervention he prayed for compensation for services rendered as an attorney in bringing in funds for the benefit of the creditors of the insolvent debtor. He was represented in this suit by Barge as his attorney; and Barge by virtue of his employment and the rendition of services in pursuance of his employment obtained a lien upon the fruits of his skill and labor as such attorney, amounting to one half of the recovery, as he alleges in his intervention in which he sought to have awarded to him his portion of the compensation awarded by the court to Ownby for his services. The creditors' bill was still pending, according to the allegations contained in Barge's intervention. Ownby had become a party to this suit by his intervention. Barge like-

wise had intervened, and became a party to this suit. In these circumstances could Barge have settled and determined his claim to a portion of the compensation awarded Ownby for services in bringing funds into court as attorney for the plaintiffs in the creditors' bill? In *Whittle* v. *Newman,* 34 *Ga.* 377, this court held that "An attorney can not collect his fee by ruling his client, though the latter may have possessed himself of the entire fund recovered by the litigation, in respect to which the services were rendered." In *Haygood* v. *Haden,* 119 *Ga.* 463 (46 S. E. 625), this court held that "The right to rule an attorney for money alleged to be in his hands as such depends upon the existence of the relation of attorney and client, and is limited to the client. . . Associate counsel can not by rule enforce a contract for the equal division of fees; and where a proceeding was brought, . . alleging that they were associate counsel, and seeking by rule to enforce such an agreement, a demurrer thereto should have been sustained." In *Haden* v. *Lovett,* 133 *Ga.* 388 (65 S. E. 853, 18 Ann. Cas. 114), an attorney was employed to recover a money demand. Such attorney employed another attorney to render services in obtaining a judgment on such demand. The associate attorney collected the judgment obtained on such demand, and refused to pay the attorney employing him his one half of the fee for such collection. It was held that the attorney making the collection was not subject to be ruled by the attorney employing him, for his refusal on demand to pay the latter his fee of one half of the collection less the fee of the associate attorney for services rendered. In *Breen* v. *Phillips,* 169 *Ga.* 13 (149 S. E. 565), the defendant in an equitable proceeding delivered a check payable to his order and by him indorsed to the receiver in such proceeding, and turned the same over to the attorney for the plaintiff therein, to be delivered to the receiver in payment of part of his fee assessed against the defendant in the order dismissing the receivership proceedings. The attorney for the plaintiff procured the drawer of the check, without authority from the receiver and the defendant, to strike out the name of the receiver from the indorsement, and to insert in lieu thereof the name of a firm of attorneys of which the attorney for the plaintiff was a member. The firm collected said check but remitted only a part of the proceeds to the receiver. It was held that such attorney was not subject to rule by the receiver for the payment of the balance of the proceeds of the check.

The rules brought in the above cases were independent proceedings brought under sections 4954 and 5343 of the Civil Code of 1910; and the rulings therein are based upon the principle that a rule against an attorney will not lie unless the relation of attorney and client exists between the parties, and that the right to rule is confined to the client alone. Such remedy is confined to a client and can not be exercised by the attorney. But in the present case, Barge was proceeding in a pending case to have funds awarded to his client subjected to his lien as an attorney for services in procuring such judgment. In *Merchants National Bank* v. *Armstrong*, 107 *Ga.* 479, 487 (33 S. E. 473), this court held: "Whenever funds or other assets have been awarded by judgment of a" court, "that court has the inherent power to so shape its action as to protect whatever interest its officers and suitors in the case may have in such assets. Among its officers are the attorneys of record in the case, and whenever they show a lien for fees on the property involved, or a lien inchoate in its nature which will become perfected on the rendition of the decree, and further show that there is danger of a distribution of the fund or a disposition of the assets without payment of their lien thereon, it becomes the duty of the court to intervene for their protection." This ruling was based upon the decisions in Hunt *v.* McClanahan, 1 Heisk. (Tenn.) 503, Adams *v.* Fox, 40 Barb. 442, and Barnes *v.* Taylor, 30 N. J. Eq. 467. In the first of the cases cited it was held that attorneys having a lien upon property recovered or protected, for their services, could have the same declared by order in the case in which the services are rendered. In the second of these cases it was held: "The attorney, by virtue of his lien on the judgment, may take the money in transitu, if he can lay hold of it. If he applies to the court, it will prevent the money being paid over till his demand is satisfied. If the . . judgment debtor pays the judgment creditors after notice of the lien, the court may require him to pay it again, to the attorney. This is a power which the court exercises towards its officers and suitors already within its jurisdiction." In the third of these cases it was held that the defendants were liable to complainant's solicitor for the amount of the lien for fees on account of paying over money recovered by the complainant in such case without paying fees of counsel. This court further based its decision in *Merchants National Bank* v. *Armstrong*, supra, in part

upon a statement in the 21 Am. L. Rev. 86, which declared: "The plaintiff's attorney may also be protected upon his application to the court for a rule restraining the judgment debtor from paying the money to the plaintiff until the attorney's lien is satisfied." Until a judgment is fully executed the court retains jurisdiction of the subject-matter and the parties for the purpose of hearing any motion affecting such judgment. If the attorney desires to have his lien established and declared against such judgment, he may apply to the court for that purpose. The attorney's lien upon a judgment may be established and enforced upon application to the court in the case wherein the judgment was rendered. The summary proceeding thus authorized is applicable only to disputes between attorney and client. Dahlstrom v. Featherstone, 18 Idaho, 179 (110 Pac. 243) ; Georgia Cen. R. &c. Co. v. Pettus, 113 U. S. 116 (5 Sup. Ct. 387, 28 L. ed. 915) ; Gist v. Hanly, 33 Ark. 233; Fillmore v. Wells, 10 Colo. 228 (15 Pac. 343, 3 Am. St. R. 567) ; 6 C. J. 794 (§ 408), J.

Applying the above principles, Barge was entitled to a lien upon the judgment allowing Ownby compensation for services rendered in bringing in funds in the creditors' bill for the benefit of creditors of the insolvent debtor, under the facts set up in the intervention filed by him; and he would further be entitled to a judgment setting up and establishing his lien upon such judgment and the proceeds thereof. If the check given by the receiver to Ownby for the compensation awarded him had not been paid when Barge's proceeding was commenced, the court could restrain the payment thereof until Barge's compensation was fixed and paid. If the check had been collected by Ownby, then the court by proper order could require him to pay to Barge the compensation found to be due him for representing Ownby in his application for such compensation. This the court can do under the broad power conferred upon the courts of this State "To control, in furtherance of justice, the conduct of its officers and all other persons connected with a judicial proceeding before it, in every matter appertaining thereto." Civil Code (1910), § 4644. It follows that the judge erred in dismissing the intervention of Barge on the ground that it was without jurisdiction to entertain it.

*Judgment reversed. All the Justices concur.*