## 20740. CAMP v. UNITED STATES FIDELITY & GUARANTY COMPANY *et al.*

JENKINS, P. J. 1. Attorneys at law have a lien, superior to all other liens but tax liens, upon suits, judgments, and decrees for money, and no person "shall be at liberty to satisfy said suit, judgment, or decree until the lien or claim of the attorney for his fees is fully satisfied; and attorneys at law shall have the same right and power over said suits, judgments, and decrees, to enforce their liens, as their clients had or may have for the amount due thereon to them." Civil Code (1910), § 3364 (2). The only notice necessary in a pending action of the lien of the plaintiff's attorney on the suit and its proceeds for his fees in that case is knowledge of the fact that the suit has been instituted and is pending. And if the defendant, after notice of the pendency of the action, settles directly with the plaintiff, he is liable in the action to a recovery for the benefit of the attorney to the extent of his fees, if there was a cause of action between the parties; and the attorney may prosecute the suit and recover accordingly. *Little* v. *Sexton,* 89 *Ga.* 411 (15 S. E. 490).

2. The lien provided by the code-section cited attaches to the fruits of the labor and skill of the attorney, whether realized by judgment or decree, or by virtue of an award, or in any other way, as long as they are the result of his exertions. *Wooten* v. *Denmark*, 85 *Ga.* 578, 579 (11 S. E. 861); *Middleton* v. *Westmoreland*, 164 *Ga.* 324 (1 *b*), 329 (138 S. E. 852).

3. The method provided by law for enforcing an award of compensation by the industrial commission is by filing in the superior court of the proper county a certified copy of the "award of the commission, unappealed from, or an award of the commission affirmed on appeal, whereupon said court shall render judgment in accordance therewith and notify the parties." If the compensation is insured, no judgment shall be rendered nor execution issued thereon, except upon application to the court and for good cause shown. Such a judgment, when rendered by the superior court, shall have the same effect as though rendered in a suit duly heard and determined by that court. Ga. L. 1920, pp. 167, 200; Michie's Code (1926), § 3154 (60). Thus the proceeding in the superior court to enforce an award of the industrial commission is not a separate suit, but is merely a continuation of the proceeding instituted before the industrial commission.

4. Under the foregoing rulings, the lien of an attorney at law representing a claimant attaches to a proceeding in the industrial commission brought for the purpose of obtaining an award of compensation; and when the award of compensation is entered in favor of the claimant, the employer and his insurance carrier, having notice of the attorney's relation to the proceeding, are not at liberty to satisfy the award until the lien or claim of the attorney for his fee is fully satisfied, and if they do so they are liable in the action to a recovery for the benefit of the attorney to the extent of his fees, and the attorney may prosecute the proceeding in the manner pointed out by the workmen's compensation act by seeking, in the superior court, a judgment upon the award entered in favor of his client, for his benefit to the extent of his fees.

5. Properly construed, the instant proceeding, in which were set forth the employment of the plaintiff as attorney for a claimant before the industrial commission, the entering of an award in favor of the claimant, the failure of the defendants to appeal therefrom, notice to the defendants of his employment in the proceeding and his representation of the claim, the subsequent settlement of the award directly with the claimant, and the award in favor of the claimant, and prayer for a judgment on the award, to the extent of his fees, against the employer and the insurance carrier, a certified copy of the award being attached to the petition, was a proceeding in the superior court under the statutory provision for enforcing an award of the industrial commission, as a continuation of the proceeding before the industrial commission, and was not an effort to sue the employer and the insurance carrier upon a separate order issued by the industrial commission approving the amount of the attorney's fees. Since the proceeding brought in the superior court was a prosecution of the proceeding instituted before the industrial commission, it was not necessary that the attorney's claim of lien be recorded.

6. Under the foregoing rulings, the court erred in sustaining the demurrer and dismissing the petition.

*Judgment reversed. Stephens and Bell, JJ., concur.*

DECIDED FEBRUARY 14, 1931.

*C. N. Davie, J. F. Kemp, L. S. Camp,* for plaintiff.
*Ryals, Anderson & Anderson,* for defendants.