DYAL *v.* WATSON *et al.*

No. 8286.   February 12, 1932.   Rehearing Denied February 23, 1932.

*J. P. Highsmith,* for plaintiff in error.

*Wade H. Watson, Parker & Parker,* and *Wilson Bennett & Pedrick,* contra.

BECK, P. J.   (After stating the foregoing facts.)

■  The original motion for a new, trial contains the usual general grounds, and subsequently there was filed an amendment to the motion, in which there are numerous grounds.   In the first ground of the amendment the movant excepts to the ruling of the court admitting in evidence a copy of the suit in the case of National Bank of Brunswick *v.* J. E. Melton, with the exhibits attached, and an amendment to that suit; also, in connection with the copy of the suit, two demurrers, a special plea, and an answer; also the lien set up and recorded by plaintiffs against the land in question, bearing date October 18, 1928, and recorded on October 18, 1928.   There is also a copy of the foreclosure proceedings against Melton and the lands in question, together with the judgment of the court passed on the foreclosure proceedings; and also the order appearing on the minutes of the court, withdrawing, without prejudice, the case of National Bank of Brunswick *v.* Melton.   The claimant objected to the introduction in evidence of the proceedings as a basis for a claim of attorney's fees against J. E. Melton and against the land in. question, "for the reason that it appeared on the face of the proceedings that said proceeding was not one for the recovery of the land in question, and because it appeared on the face of the proceedings that the services rendered by plaintiffs as attorneys for J. E. Melton were not services in defense of an action for the land in question, and not such services as would give to said attorneys a lien against said Melton or . against said land."   This objection is raised to the evidence referred to.   The court properly overruled this objection. · In the Civil Code, § 3364; are the following provisions:  "3.   Upon all suits for the recovery of real or personal property, and upon all judgments or decrees for the recovery of the same, attorneys at law shall have a lien on the property recovered, for their fees, superior to all liens but liens for taxes, which may be enforced by said attorneys at law, or their lawful representatives, as liens on personal and real estate, by mortgage and foreclosure, and the property recovered shall remain subject to said liens, unless. trans-

ferred to bona fide purchasers without notice. . . 5. The same liens and modes of enforcement thereof which are allowed by this section, or by preceding laws, to attorneys at law who are employed to sue for any property, upon the property recovered, shall be equally allowed to attorneys at law employed and serving in defense against such suits in case the defense is successful."

In the case of *Fry* v. *Calder,* 74 *Ga.* 7, it was held: "Attorneys who were employed to resist the liens claimed by mechanics and contractors on real estate, amounting to five or six hundred dollars, and who succeeded in reducing the recovery to about sixty dollars, had a lien for their fees upon such property as against the owner who employed them. The reduction of the claims against the property was equivalent to a recovery to that extent." And in the decision the court said: "These suits resulted in the recovery of this real estate from a claim of some five hundred dollars upon it, operating upon it as liens if the other side had been successful, and by virtue of which liens the property could be sold under the sheriff's hammer. To the amount of the reduction of these liens from what was claimed to the trifle found due, this real estate was successfully defended, and from their clutch, to the extent of the amount reduced, this house and lot was recovered. It makes no difference whether the recovery be by the defense or by the plaintiff. The successful counsel on the one or the other side is entitled to his lien." In *Wooten* v. *Denmark,* 85 *Ga.* 578 (11 S. E. 861), it was held: "Where an attorney at law, under employment, obtained judgment of foreclosure of a mortgage and caused execution to be issued and levied on the land, which was sold, his client becoming the purchaser and taking the title, no money being paid, but the price of the land being entered as a credit upon the execution, the lien of the attorney for his fee attached to the land and could be foreclosed thereon." See also *Middleton* v. *Westmoreland,* 164 *Ga.* 324 (138 S. E. 852). Under the principle ruled in these cases, we think it is clear that the attorneys were entitled to a lien and to enforce the same on the lands in question.

■ The claimant further objected to the admission in evidence of the proceedings referred to in the foregoing division of this opinion, as a basis of the alleged lien, "for the reason that it appeared as recorded that said lien purported to be based on a suit which terminated on October 8, 1927, whereas said lien was re-

corded on the 18th day of October, 1928, more than three months after the termination of the proceeding on which it was based, as disclosed by the record of the alleged lien." The court did not, under the evidence, err in overruling the objection. It appears from the evidence and the note of the judge, made in approving the brief of evidence, that the date "October term, 1927," was a typographical error. The court in approving the brief of evidence appended the following note: "The figure 7 in 1927, occurring as to the date when the suit referred to terminated, as shown in the 4th line from the end of the first paragraph, see star, appeared to have been written over in ink apparently in an effort to change to the figure 8, but not clearly made." It is clearly inferable, if not a necessary conclusion, that where the claim of lien recited that the case was brought by the bank against Melton to the October term, 1927, of the court, and was filed in March, 1927, the error as to the year in which it was terminated was apparently made by the typist because of the other dates. The lien recites that it was filed within less than 30 days after the termination of the action, and it was dated October 18, 1928, and filed on that date. The judge did not err in holding that the date 1927, as the date on which the suit terminated, should be read 1928.

■ The plaintiff in error moved to dismiss the levy on the lands in question upon the following grounds, among others: "Because the proceeding appears to have been instituted out of term time, and to have been therefore for that reason void. A proceeding such as this being in the nature of a foreclosure of the lien as a mortgage, it would have to be instituted during a regular term of the court." The court did not err in overruling this motion. The rule nisi granted by the judge is headed, "March term, 1929," and the rule absolute and judgment foreclosing the mortgage, granted at the October term, recites that the rule nisi was granted at the March term, etc. It appears that the rule nisi was granted on August 13, 1929. In view of the recitals, and the absence of evidence to show that the March term had adjourned before August 13, 1929, the court was authorized to hold that the proceedings to foreclose were instituted in term time; especially in view of the testimony of the clerk of the superior court that there was nothing on the court's minutes to show that the March term had adjourned before the 13th of August.

■ On the trial of the case, while W. H. Watson, one of the plaintiffs, was being examined as a witness in his own behalf, counsel for movant sought and proposed to cross-examine the witness with respect to the nature of the contract between plaintiffs and J. E. Melton, with regard to the services rendered by plaintiffs to J. E. Melton, on account of which the lien in this case is claimed, how much fees Melton was to pay plaintiffs, the amount of the contract plaintiffs had with Melton and the conditions of the contract, whether or not this entire fee of a thousand dollars was to be paid without reference, or whether, as is the law of the case, half of it was to be paid as a retainer or just what the contract was, all of which movant through his counsel contended before the court was pertinent and could be inquired into by movant as the present owner of the land, and argued and contended before the court that the foreclosure of the lien is not conclusive as to claimant as the present owner. Plaintiffs' counsel objected to counsel for movant cross-examining the witness with respect to these matters, on the ground that this would be a collateral attack on the judgment, and that the judgment was binding on Melton and on any one who acquired the land under him. The court sustained the objection, and error is assigned upon this ruling. The court did not err in refusing to allow counsel for the movant to examine a witness (one of the parties plaintiff) with respect to the nature of the contract between the plaintiffs and J. E. Melton, with regard to the services rendered by plaintiffs.

■ Error is also assigned upon the court's refusal to admit in evidence the owner's certificate of title which the claimant insists he had obtained under the provisions of the land registration act. This certificate of title, shown by the entry of the clerk, was duly registered September 25, 1928. The court sustained the objections of plaintiffs to the introduction in evidence of this certificate of title and the certified copy of the decree of title. In the opinion of the majority of the court this was error. Under the provisions of the land registration act (9 Park's Code Supp. 1922, § 4215(a) et s., Michie's Code of 1926, § 4215(1-67)), the plaintiffs in this case were barred from enforcing any lien they might have had against the land included in the decree of registration and the certificate of title. In one of the sections (Park's Code, § 4215 (aa), Michie's Code, § 4215(27)), it is provided: "Every decree

rendered as herein provided shall bind the land and bar all persons claiming title thereto or interest therein, quiet the title thereto, and shall be forever binding and conclusive upon and against all persons, including the State of Georgia, whether mentioned by name in the order of publication, or included under the general description, 'whom it may concern.' It shall not be an exception to such conclusiveness that the person is an infant, lunatic, or is under any disability, but said person may, in the manner provided, have recourse upon the indemnity fund hereinafter provided for, for any loss he may suffer by reason of being so concluded." This section, taken in connection with other provisions in the act, clearly shows that the plaintiffs in this case are barred. And this is so without reference to the introduction in evidence of the deed from Melton to Dyal, which was excluded. The decree of the court in the land-registration proceedings and the certificate of title show absolute title in the claimant. It follows that the court below erred in refusing a new trial.

*Judgment reversed. All the Justices concur, except Beck, P. J., and Hill, J., who dissent.*

BECK, P. J., dissenting. I am of the opinion that the court did not err in its holding, as ruled in the decision of the majority of this court. The plaintiff's claim of lien was inchoate at the time of the registration of the land. They could not appear in the registration proceeding and set up a lien, as they had no complete lien at the time of the proceeding. When the suit of the Brunswick National Bank against Melton was concluded by the dismissal of that suit, the plaintiffs' lien for attorney's fees became complete; and it was then in order for them, the inchoate lien having become complete, to proceed to the enforcement of the same under the provisions of the statutes in regard to the recording and foreclosure of liens. They were not guilty of laches, for they filed their lien promptly, and could not have filed it and claimed a lien at an earlier date than they did. They filed it within ten days after the conclusion of the suit in which they had appeared for J. E. Melton, and in which suit they prevailed. I am authorized to say that Justice Hill concurs in this dissent.