24323. STEGALL v. EDWARDS.

STEPHENS, J. 1. Where the payee of a note, which contains a provision for 10 per cent. attorney's fees if the note is "collected by law through an attorney," enters with an attorney into an agreement by which it is provided that the attorney will collect the note or "bring about settlement which is satisfactory to" the payee, for the sum of $75, but that "the 10 per cent. for collection by an attorney as stated in the note will be in lieu of the $75 attorney's fee and in full payment of all demands, provided that" the note is reduced to a judgment which includes attorney's fees provided for in the note, the attorney, upon the reduction of the note to judgment, is entitled to a fee of 10 per cent. out of the amount actually collected on the judgment. Where the note is reduced to judgment in the amount of principal and interest and the attorney's fees, and the judgment is declared a special lien upon certain land which is security for the payment of the note, and notwithstanding the attorney may have a lien upon the land as security for his fee even after, as was held in *Wooten* v. *Denmark,* 85 *Ga.* 578 (11 S. E. 861), the land has been sold under the execution and has been bought in at the sale by the payee of the note as plaintiff, for an amount less than the principal represented in the judgment, the attorney's lien upon the land is only to the extent of 10 per cent. of the proceeds from the sale of the land. Code of 1933, § 9-613 (Code of 1910, § 3364).

2. On the trial of a suit by the attorney against the payee of the note, to foreclose an attorney's lien upon the land for fees under the contract between the attorney and the payee, where it appeared from the evidence, without dispute, that in the suit by the payee of the note against the maker the verdict and judgment were in the sum of $7177.27 principal, $346.22 interest, and $752.33 attorney's fees, and the land which was levied upon to satisfy the execution and on which the plaintiff claimed a special lien for fees was bid in by and sold to the payee of the note, the plaintiff in execution, for the sum of $1700, the lien of the attorney was in an amount only of 10 per cent. of this latter amount. The verdict for the plaintiff in the amount of $753.33 principal was unauthorized by the law and the evidence. The evidence being undisputed that the plaintiff is entitled to recover as a fee 10 per cent. of the sum realized by the defendant from the sale of the land under the execution,

namely $1700, which represents the amount collected on the judgment, with interest at 7 per cent. per annum from the date of the sale, May 2, 1933, a verdict and judgment for the plaintiff in this' amount is demanded as a matter of law. The judgment for the plaintiff is affirmed on condition that, before the judgment of this court is made the judgment of the trial court, the amount thereof be reduced to $170, with interest thereon from May 2, 1933, to the date of the judgment, May 23, 1934, at 7 per cent. per annum, and interest on the principal of $170 from the date of the judgment at 7 per cent. per annum; otherwise the judgment for the plaintiff will stand reversed, and the defendant's motion for a new trial will be granted.

3. It not appearing that the term at which the judgment striking the defendant's plea of payment of $50 to another attorney for services rendered in conducting the sale of the property lasted more than 30 days, and it appearing that the exceptions pendente lite to this judgment were tendered more than 30 days after the date of the rendition of the judgment, and there being no recital in the exceptions pendente lite, and it not appearing otherwise, that they were tendered within the time provided by law, it does not affirmatively appear from the record that these exceptions were tendered within the required time, and it does not appear that this court has jurisdiction to pass upon them.

*Judgment affirmed on condition. Jenkins, P. J., and Sutton, J., concur.*

DECIDED SEPTEMBER 16, 1935.

*Roscoe Pickett, T. B. Higdon,* for plaintiff in error.
*William Butt,* contra.