BROTHERTON, executor, *v.* STONE *et al.*

JENKINS, Presiding Justice. 1. On this ancillary petition by the defendant's attorneys in an equity case to fix a reasonable fee for services rendered in the suit by recovering a sum of money, which was being held as custodian by a title insurance company for the defendant and the attorneys "as their rights and interests might appear," there is no merit in the exception to the judge's passing on the matter without a jury, irrespective of the question sought to be raised, especially since the judge certified that "no ruling was invoked," and none was "made by the court as to whether this matter should be tried by a jury."

2. In addition to what is known as a "holding lien" in favor of attorneys on "all papers and money of their clients in their possession, for services rendered to them" (Code, § 9-613 (1)), the statutes give to attorneys what has been called a "charging lien," not only upon judgments and decrees for money or for the recovery of real or personal property, but upon the "suits" in which such relief is obtained or sought. *Byrd v. Clark*, 170 *Ga.* 669 (3) (153 S. E. 737); *Twiggs v. Chambers*, 56 *Ga.* 279; *Winslow Bros. Co. v. Murphy*, 139 *Ga.* 231, 233 (77 S. E. 25, 45 L. R. A. (N. S.) 750); Code, § 9-613 (2, 3). Nor are such liens as to property or suits limited to attorneys for a plaintiff; but they "shall be equally allowed to attorneys at law employed and serving in defense against such suits in case the defense is successful." Code, § 9-613 (5); *Prudential Insurance Co. v. Byrd*, 188 *Ga.* 527, 529 (4 S. E. 2d, 175), and cit.; *Fry v. Calder*, 74 *Ga.* 7.

3. "The rule to be deduced from the decisions construing laws similar to our own, which give attorneys liens, is that the lien attaches to the fruits of the labor and skill of the attorney, whether realized by judg-

ment or decree, or by virtue of an award, or in any other way, so long as they are the result of his exertions." *Middleton* v. *Westmoreland,* 164 *Ga.* 324 (1-b), 329 (138 S. E. 852); *Wooten* v. *Denmark,* 85 *Ga.* 578 (11 S. E. 861); *Barge* v. *Ownby,* 170 *Ga.* 440 (153 S. E. 49); *Camp* v. *U. S. Fidelity & Guaranty Co.,* 42 *Ga. App.* 653 (2) (157 S. E. 209); *Thomas* v. *Travelers Ins. Co.,* 53 *Ga. App.* 404 (185 S. E. 922). Accordingly, such a lien inures in favor of attorneys for the defendant in an equity suit, where, as in this case, they obtain a favorable settlement agreement for their client, and money under such settlement is paid to and held by a third person for the benefit of the defendant client and the attorneys "as their interests and rights might appear." 5 Am. Jur. 406, § 239; 7 C. J. S. 1169, 1170, § 228; and citations in those texts. See also, in this connection, *Merchants National Bank* v. *Armstrong,* 107 *Ga.* 479 (2) (33 S. E. 473).

(*a*) Where money is obtained for a client and is held in escrow for him and the attorneys, as stated, and these parties agree that while the original equity suit remains pending the court shall fix a reasonable fee, and the attorneys file their petition for such an allowance, a rule nisi is granted, and the matter is set down for a hearing, the fact that between the time of the granting of the rule nisi and the hearing a notice is filed with the clerk of the court, signed by all attorneys in the main original suit, directing the clerk to dismiss such suit as settled, will not deprive the court of its jurisdiction, already taken, of the ancillary petition, and right to determine as to such fee.

4. No question is raised by the bill of exceptions as to the actual existence of the agreement between the contending parties for the court to fix the fee, or as to the reasonableness of the amount fixed.

5. Under the preceding rulings, the court properly denied the motion to dismiss the petition to fix the fee, and did not err in allowing the amount found.        *Judgment affirmed. All the Justices concur.*

No. 14722. November 30, 1943. Rehearing denied December 13, 1943.

*N. T. Anderson,* for plaintiff in error.

*Noah J. Stone* and *G. H. Howard,* contra.