32393. JOHN J. WOODSIDE COMPANY INC. *et al.*
*v.* IRWIN.

DECIDED APRIL 13, 1949. REHEARING DENIED MAY 13, 1949.

*Grant, Wiggins, Grizzard & Smith, Spalding, Sibley, Troutman & Kelley, James M. Sibley,* for plaintiffs in error.

*W. S. Shelfer,* contra.

SUTTON, C. J. R. Beverly Irwin filed his petition in the Superior Court of Fulton County and asked for a declaratory judgment to establish for him an attorney's lien on a certain fund held in escrow by a depository bank in the City of Atlanta. The Trust Company of Georgia, John J. Woodside Storage Company, and Charles R. Johnson were made defendants in this action. Answers were filed by the Trust Company of Georgia and the John J. Woodside Storage Company. It appears from the record that Charles R. Johnson owned a described tractor and trailer, which were covered by a policy of insurance issued by the Phoenix Insurance Company, on September 24, 1946, for a period of one year. The Trust Company of Georgia held a bill of sale to secure a debt for the approximate sum of $3871.91 as a first lien against the tractor and trailer, and John J. Woodside Storage Company held two bills of sale to secure an indebtedness in the approximate sum of $4618.89, as a second lien against the tractor and trailer. Just prior to September 24, 1947, the date for the expiration of the insurance policy above referred to, Johnson had made a trip to California with the tractor and trailer truck,

and from there he communicated by telephone with an official of the Woodside Storage Company, with reference to keeping the insurance policy in effect until his return to Atlanta, and at the instance of the Woodside Storage Company the local agent of the Phoenix Insurance Company in Atlanta extended the coverage of said insurance policy on the tractor and trailer for a period of ten days from September 24, 1947. On October 6, 1947, while Johnson was on his way back from California to Atlanta, the tractor and trailer were burned in Alabama, this being two days after the extended insurance coverage on said property had expired. After the loss of said property by fire, Johnson, the Woodside Storage Company, and the Trust Company of Georgia communicated with the local agent of the Phoenix Insurance Company in an effort to have the insurance company pay for the loss, but it was contended by the insurance company that there was no legal liability on its part as its coverage had expired before the loss occurred. Several months later, on April 21, 1948, Charles R. Johnson employed R. Beverly Irwin, an attorney at law, to represent him in his claim against the Phoenix Insurance Company, the John J. Woodside Storage Company, and the Trust Company of Georgia, and agreed to pay him a fee of one-third of any sum recovered; and Irwin then entered into negotiations with said parties with reference to getting an adjustment or payment for Johnson for the loss of the tractor and trailer by fire. The insurance company still insisted that there was no legal liability on its part, but later agreed to issue a renewal of the policy from September 25, 1947, upon the payment of a year's premium, of $1154.76, and it then honored the claim and agreed to pay $6500 for the loss of the tractor and trailer. The Trust Company of Georgia, John J. Woodside Storage Company, R. Beverly Irwin, and Charles R. Johnson then entered into a written agreement wherein it was stipulated, among other things: "Irwin, as attorney to Johnson, claims that he has procured the issuance of the said policy, as set forth in paragraph 3, and accordingly claims to be entitled to a first lien superior to all others upon the fund in an amount of one-third of the proceeds (less cost of premium) to be paid by the insurance company upon the loss; 5. Johnson has a claim against the proceeds of

said policy by reason of being the insured thereunder; 6. Woodside has a claim against the proceeds of said policy by reason of a note and security instruments of record covering the said property; 7. Trust Company has a claim against the proceeds of said insurance policy by reason of a note and security instruments of record covering said property." It was also agreed that the trust company would pay the premium of $1154.76 to the insurance company for the renewal of the policy, and that this amount would be paid back to the trust company immediately upon receipt of the funds from the insurer, and the balance of $5345.24 was placed in the Bank of Georgia, "to be held by it in escrow pending an agreement by all of the parties as to the amount to be distributed to each of them or an order of any court having jurisdiction of the fund determining the amount to be distributed to each of them."

Thereafter, R. Beverly Irwin filed this suit, asking that he be granted a declaratory judgment setting up his special lien as an attorney at law on said fund in escrow for the amount of his attorney's fees, superior to all other alleged liens. The case was tried before a judge of the Superior Court of Fulton County, without the intervention of a jury, and a finding and judgment were rendered setting up and establishing a special lien in favor of R. Beverly Irwin as an attorney at law in the amount of $1724.03 against the net recovery or fund then held in escrow in the bank, it being stated in the judgment that said lien was superior to the liens of the Trust Company of Georgia and John J. Woodside Storage Company, as well as any claim in favor of Charles R. Johnson. John J. Woodside Storage Company excepted to the finding and judgment.

■ "Attorneys at law in this State have by statute liens upon all suits for the recovery of real or personal property, upon all judgments and decrees for the recovery of the same, and upon the property recovered, for their fees, superior to all other liens except liens for taxes. . . The rule to be deduced from the decisions construing laws similar to our own, which give attorneys liens, is that the lien attaches to the fruits of the labor and skill of the attorney, whether realized by judgment or decree, or by virtue of an award, or in any other way, so long as they are the

result of his exertions." *Middleton* v. *Westmoreland,* 164 *Ga.* 324 (1, b) (138 S. E. 852). "An attorney's lien, under the Code of 1933, § 9-613 (2,3), 'attaches to the fruits of [his] labor and skill . . whether realized by judgment or decree, or by virtue of an award, or in any other way, as long as they are the result of his exertions.' *Camp* v. *U. S. Fidelity &c. Co.,* 42 *Ga. App.* 653 (2) (157 S. E. 209)." *Thomas* v. *Travelers Ins. Co.,* 53 *Ga. App.* 404 (1) (185 S. E. 922). For rulings to the same effect, see *Wooten* v. *Denmark,* 85 *Ga.* 578 (11 S. E. 861); *Barge* v. *Ownby,* 170 *Ga.* 440, 443 (153 S. E. 49); *Brotherton* v. *Stone,* 197 *Ga.* 74 (2,3) (28 S. E. 2d, 467).

■ The case was tried before a judge of the Superior Court of Fulton County, without the intervention of a jury, who found and adjudged, among other things, that: "The plaintiff, R. Beverly Irwin, an attorney at law, was employed by Charles R. Johnson, one of the parties hereto; that said plaintiff as an attorney at law rendered valuable services to his said client in recovering from the Phoenix Insurance Company the gross sum of six thousand, five hundred ($6,500.00) dollars; that the Trust Company of Georgia and John J. Woodside Storage Company Inc., defendants, expressly or implicitly consented to and acquiesced in the employment of said plaintiff and in his efforts to effect said recovery, and further, that said recovery was for the benefit of all the defendants herein." The plaintiff's lien as an attorney at law was set up and established for $1724.03 against the fund held in escrow in the bank, and it was specified that this lien was superior to the liens of the Trust Company of Georgia and the John J. Woodside Storage Company, which were also set up and established in the judgment. But, after providing for the payment of certain items which were agreed to by all of the parties, including the insurance premium for the renewal of the policy, and providing for the payment of $1724.03 on the plaintiff's lien, and $3448.06 on the lien of the Trust Company of Georgia, the fund in escrow was exhausted, and there was nothing left to be applied on the lien of the Woodside Storage Company; and that company excepts to the findings and judgment, and says that there was no evidence to support the same and that the judgment was not authorized under the law and the evidence.

The evidence is conflicting in some respects, but we think it sufficient to authorize the finding and judgment of the trial judge. It is not deemed necessary to set the evidence out in detail, but for the purpose of this decision it is sufficient to say that there was evidence of the employment of the plaintiff by Johnson as his attorney and what he was to receive as his fee in the matter. There were negotiations and numerous conferences by the plaintiff with Johnson and with representatives of the Trust Company of Georgia and the Phoenix Insurance Company, with respect to collecting the insurance on the tractor and trailer or getting a settlement for the loss of this property, and, according to the evidence of the plaintiff, as the result of his work and efforts in the matter, the insurance company renewed the policy of insurance and made a settlement for the loss of the property involved. The plaintiff's employment, work, and efforts with respect to collecting for the loss of the property in question took place several months after the property was destroyed by fire and after Johnson, the Trust Company of Georgia, and Woodside Storage Company had negotiated with the insurance company in an effort to collect for the loss of the property involved, but had failed to get the insurance company to make any adjustment of the matter. According to the testimony of the plaintiff, the representatives of the Trust Company of Georgia and the Woodside Storage Company co-operated with him in his work and efforts to get the insurance company to settle for the loss of the property, and he acted in the matter with their knowledge and consent, and the agents of the Trust Company of Georgia told him that they would see that he got his attorney fees out of whatever was collected, and the agent of the Woodside Storage Company gave him the "green light" and told him to go ahead against the insurance company. The agents of the trust company and the storage company expressed their doubts that he would be able to collect anything from the insurance company, as the policy on the tractor and trailer had expired, and they had not been able to get the insurance company to admit liability or to make any adjustment. At first the agent of the insurance company denied to the plaintiff that there was any liability on the part of the insurance company, but after negotiations and

numerous conferences by the plaintiff with the insurance company and the other parties concerned, the insurance company renewed the policy and then settled for the loss in question. The trust company in its answer in this case stated that "this defendant avers that it had been refused payment under the terms of the insurance policy by the insurer, and this defendant admits that, as to it, the fund was brought into being through the efforts of plaintiff."

Charles R. Johnson was named as the insured in the insurance policy referred to, and the loss-payable clause attached thereto states: "loss or damage, if any, under this policy shall be payable to insured and Trust Company of Georgia, first; as respects both pieces of equipment; insured hereunder; and John J. Woodside Storage Company Inc., second; as respects the 1945 Freuhauf Semi-Trailer, Serial No. KC37580."

■ Under the authorities cited above, the lien of an attorney at law attaches to the fruits of his labor and skill, superior to all other liens, except liens for taxes, whether realized by judgment or decree, or by virtue of an award, or in any other way, as long as they are the result of his exertions. Accordingly, under the facts of this case and the law applicable thereto, we think that the trial judge was authorized to find that the fund held in escrow was the result or fruits of the labor and skill of the plaintiff as an attorney at law, and that his lien as an attorney attached thereto and was superior to the liens of the Trust Company of Georgia and the Woodside Storage Company, although these parties held bills of sale to the property destroyed by fire. We have read and considered the authorities cited by the plaintiff in error, but, under the facts of this case, they do not authorize or require a ruling different from the one here made.

*Judgment affirmed. Felton and Parker, JJ., concur.*