36720. DUNAGAN *et al. v.* MARELL FARMS, INC., *et al.*

DECIDED MAY 17, 1957—REHEARING DENIED MAY 29, 1957.

*Ivylyn O. Perry, Joseph G. Collins,* for plaintiffs in error.

*Smith, Field, Doremus & Ringel, Richard D. Carr,* contra.

QUILLIAN, J. 1. Attorneys have a lien on awards of the Workmen's Compensation Board "and no person shall be at liberty to satisfy said suit, judgment, or decree until the lien or claim of the attorney for his fees is fully satisfied; and attorneys at law shall have the same right and power over said suits, judgments, and decrees, to enforce their liens, as their clients had or may have for the amount due thereon to them." Code § 9-613 (2); *Wooten* v. *Denmark,* 85 *Ga.* 578, 579 (11 S. E. 861); *Middleton* v. *Westmoreland,* 164 *Ga.* 324 (1 b) (138 S. E. 852); *Thomas* v. *Travelers Ins. Co.,* 53 *Ga. App.* 404 (1) (185 S. E. 922). The lien need not be recorded, and the only notice necessary is that the employer and his insurance carrier have notice of the attorney's relation to the proceeding.

In *Camp* v. *United States Fidelity &c. Co.,* 42 *Ga. App.* 653 (4) (157 S. E. 209), it was held: "The lien of an attorney at law representing a claimant attaches to a proceeding in the industrial commission brought for the purpose of obtaining an award of compensation; and when the award of compensation

is entered in favor of the claimant, the employer and his insurance carrier, having notice of the attorney's relation to the proceeding, are not at liberty to satisfy the award until the lien or claim of the attorney for his fee is fully satisfied, and if they do so they are liable in the action to a recovery for the benefit of the attorney to the extent of his fees, and the attorney may prosecute the proceeding in the manner pointed out by the workmen's compensation act by seeking, in the superior court, a judgment upon the award entered in favor of his client, for his benefit to the extent of his fees."

In the present case the attorney for the claimant had a lien on the award of the Workmen's Compensation Board, if the employer and its insurance carrier had notice of his relation to the proceedings, and had he brought his action originally in the superior court he would have had a good cause of action. The Workmen's Compensation Board is without authority to enforce an attorney's lien and an award directing the employer, as the result of his having settled with the claimant without consulting his attorney, to pay attorney's fees directly to the claimant's attorney is contrary to law and unenforceable. *Camp* v. *United States Fidelity &c. Co.*, supra; Code §§ 114-711, 9-613.

The appeal to the superior court having merit, it is clear that the judge did not err in denying the claimant's motion for additional attorney's fees which was predicated upon the theory that the appeal was without reasonable grounds.

*Judgment affirmed. Felton, C. J., and Nichols, J., concur.*